HENRY MAHLER *v.* D. NEWBAUR, S. ELLSASSER, AND D. MYRES.

TENDER OF MORTGAGE DEBT.—A party having no interest in the mortgaged premises or in the tender made, has no right to make a tender on his own behalf of the amount due on the mortgage.

IDEM.—When a tender of the amount due on a mortgage is made by a stranger, and not the party in interest, the creditor must be informed on whose behalf it is made, and if not so informed, the tender is invalid.

APPEAL from the District Court, Eleventh Judicial District, El Dorado County.

On the 26th day of December, 1860, the defendant, Newbaur, executed to the plaintiff, Mahler, a mortgage on a house and lot in Placerville, El Dorado County, to secure his promissory note given to Mahler for two thousand five hundred dollars. · On the 9th day of June, 1862, Newbaur conveyed the mortgaged property to defendant Ellsasser. Prior to the conveyance to Ellsasser and September 18th, 1861, Newbaur had executed another mortgage on the same property to M. Steinberg, who assigned the same to the defendant Myres.

This action was brought to foreclose the mortgage. The defendant Ellsasser alone answered, and set up in his answer that in November, 1864, he tendered the plaintiff the full amount due on the mortgage, which the plaintiff refused to accept, and that by means of the tender the mortgaged premises were discharged of the mortgage lien.

On the trial, defendant offered testimony tending to prove that George E. Williams, attorney at law for Ellsasser, made the tender. Defendant introduced testimony tending to show that when the tender was made, Mr. Williams did not tell the plaintiff that he made it on behalf of Ellsasser. The plaintiff recovered judgment, and the defendants appealed.

The other facts are stated in the opinion of the Court.

*S. & George E. Williams*, for Appellants, argued that the tender discharged the lien of the mortgage; and cited *Kortright* v. *Cady*, 21 N. Y. 343, and *Hayes* v. *Josephi*, 26 Cal. 535.

*Johnson & Irwin*, for Respondent, argued that the tender was not good, because not made in the name of Ellsasser; and cited *Perre* v. *Castro*, 14 Cal. 519.

By the Court, SAWYER, J.:

The defendant Newbaur executed the mortgage sought to be foreclosed, to the plaintiff. He subsequently mortgaged the same premises to Steinberg, who assigned to defendant Myres, and afterwards sold and conveyed to defendant Ellsasser. The defendants set up as a defense, a tender to the plaintiff, on behalf of Ellsasser, of the full amount due, after the law day of the mortgage, and a refusal of the plaintiff to receive it. The testimony of the plaintiff tends to show the tender set up. But upon the point, as to whether the plaintiff was informed that the tender was made on behalf of Ellsasser, the testimony is conflicting. There is no pretense that any tender was made on behalf of Newbaur or Myres. A

22

party having no interest in the premises, or tender made, has no right to make a tender. The plaintiff would not be bound to regard a tender made by, or on behalf of, a stranger to the transactions. (*Walkins* v. *Ashwicke*, 1 Cro. Eliz. 132.) When a tender is in fact made by a stranger, and not the party in interest, it would seem to follow that the creditor must be informed on whose behalf it is made, otherwise he would not be required to accept the money, or reject it at his peril. Plaintiff testifies that he was not aware that Ellsasser had any interest in the mortgaged premises; that his name was not mentioned when Williams made the tender; and, that he supposed at the time, that Williams was acting on behalf of Myres. The note, in obedience to which plaintiff called upon Williams to receive the money due, tended to produce that impression; for it stated that "the parties in San Francisco have forwarded to me the amount of your mortgage on Newbaur's property, and I wish you to come to-morrow and I will pay you." Ellsasser resided at Victoria, Vancouver's Island. Myres was the only party residing at San Francisco, and no tender was made on his behalf.

It is true, Williams testifies that he informed plaintiff that the tender was on behalf of Ellsasser. But there is a plain conflict on the point, and the Court determined the question of fact in favor of plaintiff. This question appears to have been made in the Court below and was one of the grounds upon which, after reconsidering the testimony, a new trial was denied. In specifying the grounds of the decision denying a new trial, as required by law, the Judge says: "I am not satisfied that at the time of the tender the plaintiff knew that the money was tendered by or on behalf of the defendant Ellsasser. We cannot disturb this finding on the evidence in the record. The tender having been made by a stranger, without informing plaintiff on whose behalf it was made, was invalid. The tender is not aided by the fact that plaintiff supposed it made on behalf of Myres, who was entitled to make it, for it was not in fact made on his behalf. On the ground indicated the judgment must be affirmed, and it is

unnecessary to determine whether under the provisions of our statute relating to the character of mortgages a tender after the law day discharges the mortgage, as was held in *Kortright* v. *Cady*, 21 N. Y. 343, and *Caruthers* v. *Humphrey*, 12 Mich. 277.  (See *Hayes* v. *Josephi*, 26 Cal. 545.)

Judgment and order denying new trial affirmed.