MORRIS KETCHUM, J. W. PRIOR, AND GEORGE OPDYKE *v.* J. D. CRIPPEN, SHERIFF OF MARIPOSA COUNTY, CYRUS A. EASTMAN, AND JOHN PARROTT.

TENDER OF SUM DUE ON MORTGAGE.—The question whether a tender by a subsequent mortgagee of the amount due on a prior mortgage, if made after the law day of the mortgage, or after judgment foreclosing the mortgage, discharges the lien of the mortgage or judgment, without keeping the tender good, discussed, but not decided.

DISMISSAL OF BILL FOR WANT OF EQUITY.—A subsequent mortgagee, who has been made a party to an action foreclosing a prior mortgage, cannot maintain a separate action to enjoin a sale under the judgment, and to be subrogated to the rights of the plaintiff, on the ground of a tender of the amount due on the judgment; his remedy is by motion in the action foreclosing the mortgage.

REMEDY FOR RELIEF IN EQUITY.—Where a party to an equitable action has a plain and speedy remedy by motion in the action, he cannot maintain a separate suit in equity to obtain the desired relief.

POWER OF COURT TO CONTROL ITS JUDGMENTS.—In a suit foreclosing a mortgage, the Court has full power, on motion made by a subsequent mortgagee who is a party, to subrogate him to the rights of the judgment creditor, or to enter a discharge of the lien of the judgment, or to prevent a sale, or to enter a satisfaction of the judgment, upon a proper showing being made.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

The facts are stated in the opinion of the Court.

*Harmon & Whitney,* for Appellants.

The tender discharged the lien of the Eastman mortgage. Even if the plaintiffs used the money after tender and refusal, still the tender remained good unless destroyed by a subsequent demand of the money tendered, and a failure to respond by the party who made the tender. (*Colby* v. *Stevens,* 38 N. H. 191; *Curtis* v. *Greenbanks,* 24 Vt. 536; *Town* v. *Trow,* 24 Pick. 169; *Kortright* v. *Cady,* 21 N. Y.; *Hunter* v. *Le Conte,* 6 Cow. 730; and *Hayes* v. *Josephi,* 26 Cal. 535.) The necessity of keeping the tender good exists only where the debt or duty is personal, and is not in law discharged by the tender.

*Clarke & Carpentier*, for Respondents.

The plaintiffs' equity of redemption was foreclosed and barred in the decree in the foreclosure suit, and thereafter they were limited to the statutory redemption. (*Whitney* v. *Higgins*, 10 Cal. 554; *Montgomery* v. *Tutt*, 11 Cal. 317; and *Frink* v. *Murphy*, 21 Cal. 111.) The right to demand and the right to pay are reciprocal, and the plaintiffs not being the mortgagors, were strangers, not in legal privity with the judgment creditors, and could not require the acceptance of their voluntary tender. (*People ex rel. McKnight* v. *Beebe*, 1 Barb. 386.)

The remedy of the plaintiffs, if any, was not by original bill to redeem, but by motion to the Court which granted the decree of foreclosure to stay proceedings on the order of sale; to open the decree and allow them to be provided for on proving their lien; or upon their paying Eastman the amount due him, to be subrogated to his rights under the decree. Being within the jurisdiction of the Court in that suit as to all matters embraced by the decree, they must seek by proceedings in the same suit such relief as they might be entitled to by reason of the facts of the case. (*Brown* v. *Frost*, 10 Paige, 243; *Boggs* v. *Hargrave*, 16 Cal. 265; *Borland* v. *Thornton*, 12 Cal. 340; *Comstock* v. *Clemens*, 19 Cal. 80.)

And if the new theory of the plaintiffs is tenable, that by the tender the decree was satisfied, then, beyond a doubt, their remedy was by motion to control the process and compel a satisfaction of record. It is the settled practice in California not to entertain a bill in equity in such a case, if a motion would afford an effectual remedy, and such is the general practice elsewhere. (*Imlay* v. *Carpentier*, 14 Cal. 173; *Gregory* v. *Ford*, 14 Cal. 143; 19 Cal. 80, *supra*; 8 Cowen, 194; 16 Johns. 4; 20 Johns. 294; *Brown* v. *Frost*, 10 Paige, 243.)

By the Court, SAWYER, C. J. :

One Eastman held a mortgage on land in Mariposa County, and the plaintiffs held two subsequent mortgages on the same land. Eastman brought an action to foreclose his mortgage, making plaintiffs parties to the suit, as holders of the subsequent mortgages, and obtained a judgment and order of sale. Defendant Crippen, as Sheriff of Mariposa County, was proceeding to sell upon process issued on said judgment, when plaintiffs, claiming the right as holders of the subsequent mortgages, tendered to him the full amount of the judgment and costs, and also made a tender to defendant Parrott, who has some interest with Eastman in the judgment, and requested an assigment of the judgment. Both declined to receive the money or make the desired assignment, and they were proceeding to sell when the action was brought. The complaint states the facts, avers the tender, that the parties refused to accept the money, or to assign the judgment; that they have always been ready and still are ready to pay the amount of the money tendered into Court; that defendants are about to sell the mortgaged property; "that should the sale be made, they would be subjected to great and needless expense; the interest which they represent, as aforesaid, would be greatly endangered and compromised, and their rights would become entangled and clouded, for which injury they would have no redress, or no adequate redress, at law," and ask that defendants may be temporarily enjoined from selling; that on the hearing the injunction may be made perpetual; that defendants Parrott and Eastman may be enjoined from transferring the judgment; that plaintiffs may be subrogated to their rights, and that said defendants Parrott and Eastman be required by the judgment to assign their interest in said judgment, and for "other proper and necessary relief." Plaintiffs paid into Court the amount tendered, but not enough to cover the interest accrued subsequent to the tender. The money so paid in was at some

subsequent time taken out by said defendants. The Court found the tender and refusal, but also found that the money was afterwards, and before payment into Court, used by plaintiffs, and the tender not kept good, and that for this reason the interest was not stopped; that the amount paid into Court was insufficient to pay the amount at that time due, and that plaintiffs were not entitled to any relief. The injunction was, therefore, dissolved, and the complaint dismissed, at plaintiffs' costs. Plaintiffs appeal.

The plaintiffs now claim that the tender, not only after what was formerly called the law day of the mortgage, but after the lien of the mortgage had become merged in the judgment, yet before an actual sale under the judgment, discharged the lien, and it was unnecessary for the plaintiffs, being holders of the second mortgages, to keep the tender good, or to ever after pay the judgment; that the tender was itself an absolute discharge of the lien. They rely upon the cases of *Kortright* v. *Cady*, 21 N. Y. 344; *Stoddard* v. *Hart*, 23 N. Y. 560, and cases there cited, which adopt and enforce the logical consequences of the modification of the law of mortgages, making them mere liens for the security of debts, passing no estate in the land till a sale. These consequences are, that a payment *after* the law day discharges the mortgage, and is followed by the same consequences as a payment made *on* the law day. If payment after the law day has the same effect as payment on the law day, it would seem that there could be no good reason for not giving the same effect to a tender made *after* as to one made *on* the law day. And so the cases cited hold. The same principle is adopted in Michigan, where a similar doctrine as to the character of mortgages prevails. (*Caruthers* v. *Humphrey*, 12 Mich. 277; *Van Husen* v. *Kanouse*, 13 Mich. 313. See, also, *Hayes* v. *Josephi*, 26 Cal. 545; *Mahler* v. *Newbaur*, 32 Cal. 170.) We think the reasoning in *Kortright* v. *Cady* unanswerable, but in *Perre* v. *Castro*, 14 Cal. 519, (decided before *Kortright* v. *Cady*,) on which respondents rely, our predecessors determined the question the other way.

Under the view we take, however, it will be unnecessary now to determine which view we will follow, or decide the several questions raised relating to the sufficiency of the tender.

Admitting, for the purposes of this case, that the tender was good and followed by the consequences claimed by appellants, it is still insisted by respondents that the appellants have a speedy, complete, adequate, summary remedy in the same proceeding, and that the complaint shows no circumstances which entitle them to maintain a separate and distinct equitable action. The appellants make no attempt to meet this point, and we see no good answer to it.

In the foreclosure suit the plaintiffs and all the parties interested were parties. The Court, in that case, had full power to control and direct its process in such a manner as to give the parties a summary and complete remedy. If the parties desired, upon their tender, to be subrogated to the rights of the judgment creditor, upon payment of the judgment, they could have presented the facts to the Court in that action, paid the money into Court, and, upon motion, have obtained an order of subrogation, and for executing the judgment under the direction of the Court for their use and benefit. Or, if they desired to have a satisfaction of the judgment entered of record, the Court, upon paying the money into Court, could have entered a satisfaction; or if they desired to have the lien of the judgment discharged, it was competent for the Court, upon motion and a proper showing, to enter an order discharging the same, and to control its process and prevent a sale. All the relief, to which the appellants were entitled, could have been speedily and summarily had in that proceeding, and there is no occasion for the present action. No excuse is stated for not pursuing that remedy, and nothing to show that it would not be speedy and adequate. Under such circumstances the plaintiffs are not entitled to maintain a separate action. The complaint shows no equity entitling them to relief in a separate action. The following cases establish the principle, both that the

relief may be had, on motion, in the foreclosure suit, and, this being so, that it must be sought there: *Brown* v. *Frost*, 10 Paige, 243; *Boggs* v. *Hargrave*, 16 Cal. 559; *Borland* v. *Thornton*, 12 Cal. 440; *Comstock* v. *Clemens*, 19 Cal. 80; *Logan* v. *Hillegass*, 16 Cal. 202; *Imlay* v. *Carpentier*, 14 Cal. 173; *Gregory* v. *Ford*, 14 Cal. 143; *Sanchez* v. *Carriaga*, 31 Cal. 172, and cases cited in the foregoing. The case made by the complaint is, therefore, not sufficient to entitle them to maintain the action, and the complaint was properly dismissed in any view that can be taken. (*Gregory* v. *Ford*, 14 Cal. 143; *White* v. *Fratt*, 13 Cal. 525; *Russell* v. *Ford et al.*, 2 Cal. 86.)

The judgment and order denying new trial affirmed.