[No. 8094.—In Bank.]
August 30, 1882.

## WALTER EDE ET AL. v. HARVEY HAZEN ET AL.

ACTION FOR RELIEF AGAINST JUDGMENT—EQUITY.—Equity will not maintain jurisdiction of a suit for relief against a judgment, merely on the ground that the demand may be unconscientious, and that injustice may have been done, provided it was competent for the party to have pleaded the matter before the Court, in the original action, either upon issues joined or upon motion to set aside the verdict or judgment; nor can the assistance of equity be invoked, so long as the remedy by motion exists.

APPEAL from a judgment for defendants, in the Superior Court of Plumas County. CLOUGH, J.

*R. H. F. Variel* and *H. M. Barstow,* for Appellants.

*E. W. Jenks* and *J. D. Goodwin,* for Respondents.

SHARPSTEIN, J.:

If the plaintiffs are entitled to any relief, they might have obtained it by making a timely application to the Court, in which the judgment, they seek to have set aside, was rendered. That judgment was entered on the tenth day of December, 1880, and on the eighteenth day of January, 1881, the plaintiffs were informed that the mortgage foreclosed had been fully satisfied prior to the entry of the judgment of foreclosure. If they might have successfully pleaded that satisfaction, as a defense to the action, and were prevented from doing so, by reason of the concealment of the fact from them, until after the entry of the judgment, it would constitute a case of *excusable neglect,* for which the Court might have relieved them from the judgment within six months after its entry. (C. C. P., § 473.)

"Equity will not maintain jurisdiction of a suit of this nature, merely on the ground that the demand may be unconscientious, and that injustice may have been done, provided it was competent for the party to have placed the matter before the Court in the original action, either upon issues joined *or upon motion to set aside the verdict or judgment.*" (*Borland* v. *Thornton,* 12 Cal. 440.) "The assistance of equity can not be invoked *so long as the remedy by motion exists;*

but when the time within which a motion may be made has expired, and no *laches* or want of diligence is imputable to the party asking relief, there is nothing in reason or propriety preventing the interference of equity." (*Bibend* v. *Kreutz*, 20 Cal. 109.)

As appears upon the face of their complaint, the plaintiffs discovered within forty days after the entry of the judgment, and within six months after the entry of their default, all the facts upon which they now base their right to have it set aside, and if it be conceded that upon those facts they are entitled to the relief they now claim, it is clear that they had "a speedy, complete, adequate, summary remedy in the same proceeding, and that the complaint shows no circumstances which entitled them to maintain a separate and distinct equitable action." (*Ketchum* v. *Crippen*, 37 Cal. 223.)

It further appears by the record that this action was commenced within less than five months after the defaults of the plaintiffs had been entered in the action in which the judgment was rendered against them which they now seek in this action to have set aside. It is unnecessary to consider any other question in the case.

The demurrer was properly sustained on the ground that the complaint did not state facts sufficient to constitute a cause of action.

Judgment affirmed.

MORRISON, C. J., and ROSS, MYRICK, McKINSTRY, THORNTON and McKEE, JJ., concurred.