NEIS and others *v.* YOCUM.

*(Circuit Court, D. Oregon. May 15, 1883.)*

1. MUTUAL AND DEPENDENT UNDERTAKINGS.

The undertakings in a contract whereby one party agrees to sell and deliver an article to another on the demand of such other at a certain place and upon the payment by him of a certain price are mutual and dependent; but before either party can maintain an action against the another for non-performance of such contract, he must aver and show an offer of performance on his part, or a readiness and willingness to perform according to the circumstances of the case.

2. Special Demurrer.

Under the Code of Civil Procedure special demurrers are not allowed; but if the allegations of a pleading are open to the objection of indefiniteness or uncertainty, the remedy is by motion, under section 84 of the Code, to make the same more definite and certain.

3. Demand—Allegation of.

Y. agreed to sell and deliver to N. and B., at a certain place, for a certain price, a certain quantity of hops, upon the demand of said N. and B., but without any time being specified in which such demand should be made. *Held*, in an action by N. and B. against Y. for the non-delivery of the hops, that an allegation that the plaintiffs had demanded the hops from the defendant without stating when, was sufficient on general demurrer; and that an allegation that they were ready and willing to receive and pay for the hops, without stating when or where, was also sufficient.

4. Allegation of Readiness and Willingness to Receive and Pay for an Article.

Where it is agreed that an article shall be delivered to the buyer by the seller at a certain place for a certain price, on the demand of the former, and the demand is made for the delivery on a certain day, in an action for the non-delivery of the article, it is sufficient to allege that he was ready and willing to receive and pay therefor at the time and place appointed; but if the seller has the article at such time and place, in such action the buyer must also allege and show that he then and there offered to receive and pay for the same.

Action for Damages.

*Walter W. Thayer*, for plaintiffs.

*Rufus Mallory* and *James F. Watson*, for defendant.

Deady, J. The plaintiffs, citizens of California, bring this action against the defendant, a citizen of Oregon, to recover the sum of $22,750 damages for the alleged non-performance of a contract for the sale and delivery of 65,000 pounds of hops on demand, at Eugene. The complaint alleges that on October 17, 1882, the defendant sold to the plaintiff 65,000 pounds of hops for 60 cents per pound, and then and there agreed with the plaintiffs to deliver them said hops at the town of Eugene, Oregon, on demand therefor; "that plaintiffs have always been ready and willing to receive said hops, and have offered to receive and pay therefor, and have demanded the same from said defendant, but the said defendant, although often requested so to do, has hitherto refused and still refuses to deliver the same to the said plaintiffs," to their damage as aforesaid. The defendant demurs to the complaint, for that it does not appear at what time or place the alleged demand for the hops was made, or when the plaintiffs offered to receive and pay for the same, or that the plaintiffs were ever ready or willing to receive or pay for the same.

The undertakings of the parties to this contract are mutual and dependent, to be performed concurrently. The defendant was not

bound to deliver the hops until the plaintiffs had both demanded and paid for them, nor were the plaintiffs bound to pay for them until they were delivered. But if either party would enforce this contract against the other he must do more than show the default of such other; he must show a performance or an offer to perform on his part, or, according to the circumstances of the case, that he was ready and willing to perform at the time and place appointed. *Dunham* v. *Mann*, 8 N. Y. 508; *Coonley* v. *Anderson*, 1 Hill, 519; *Lester* v. *Jewett*, 11 N. Y. 453; *Goldsborough* v. *Orr*, 8 Wheat. 224; *Phila., etc., Ry. Co.* v. *Howard*, 13 How. 338.

Although the undertakings of the parties to a contract are mutual and dependent,—to be performed concurrently,—a performance or offer to perform, or readiness and willingness to perform, at the time and place appointed, are conditions precedent to the right of either party to maintain an action for the default of the other. Until these conditions are complied with the default is mutual, and neither party can complain of the other.

In this case the contract obliges the plaintiffs to make a demand for the hops, and as no time is specified within which it was to have been made, the law will imply that it should have been made within a reasonable time, the circumstances of the transaction being considered. For instance, it could hardly be supposed that the parties were dealing with reference to any other hops than the crop of that year, and it must have been in the contemplation of both of them that the plaintiffs would demand and receive the hops within the usual period of marketing the crop annually produced in the vicinity of the point where the delivery was to be made. It is not understood that Eugene is a hop depot, or a place where hops are stored for sale and export all the year round, but rather a point where the hops grown in the immediate vicinity are received and shipped on the railway to Portland and elsewhere. And for this very reason it may be that although the demand and delivery are in contemplation of law acts to be concurrently performed, yet in fact the understood circumstances of the case may warrant the conclusion that the defendant was entitled to more or less time after demand was made to collect and deliver the hops at Eugene. *Coonley* v. *Anderson*, 1 Hill, 522. But a demand without an offer to pay was sufficient to devolve upon the defendant the duty of delivering the hops at the time specified therein, and at the place agreed on; and therefore, in my judgment, as soon as the demand was duly made, this case came within the category of those in which it is held that when one party

agrees to deliver an article at a certain time and place, and another agrees then and there to receive and pay for it, that in an action by the latter against the former for the non-performance of the contract, it is sufficient to allege and show that he was ready and willing, at the time and place appointed, to receive and pay for the article, without going further, and alleging that he offered to pay for it also. In such case the buyer's duty is to be present at the time and place appointed, ready and willing there to perform the contract on his part—to receive and pay for the article purchased; and, if the seller does nothing, his right of action is thereupon complete. He is not bound to go out into the highways or elsewhere to find the seller, who may have no place of abode or business anywhere in the vicinity, for the purpose of making a tender of payment. *Coonley* v. *Anderson*, 1 Hill, 523. But if the seller, in pursuance of a demand or otherwise, according to his contract, has the article ready for delivery at the time and place appointed, the buyer must show an offer there to receive and pay for it, before he can maintain an action for the non-delivery.

Tried by this statement of the law, the facts stated in the complaint are more than sufficient to enable the plaintiff to maintain this action. There is an averment of readiness and willingness to receive, of an offer to receive and pay, and of a demand. These facts, in connection with the contract stated, constitute a cause of action. The complaint is sufficient to support a verdict and judgment for the plaintiffs. And although the demand may not be stated with sufficient particularity, and the complaint in this respect would be liable at common law to a special demurrer for not stating when it was made, and the time appointed by it for the delivery of the hops, still, if the parties go to trial upon it, the allegation of a demand is sufficient to admit the proof of any fact necessary to a legal demand, and in case of a verdict for the plaintiffs and a motion in arrest of judgment, it would be presumed that such proof had been made. *Clark* v. *Dales*, 20 Barb. 65; *Renner* v. *Bank of Columbia*, 9 Wheat. 595; *De Sobry* v. *Nicholson*, 3 Wall. 424.

Special demurrers are not allowed by the Code of Civil Procedure. In section 66 thereof the grounds of demurrer to a complaint are specified, but none of them include the mere manner of stating a fact or the defective statement of material matter. By subdivision 6 of this section the defendant may demur to the complaint on the ground that the facts do not constitute a cause of action, and thus

objection is not waived by a failure to demur, but may be made on a motion in arrest of judgment.

Doubtless there are cases in which the time wherein an act was done or occurred is material, and the statement of the fact without the time would not constitute a cause of action nor an element of one. But in a case like this, when the agreement is that the article shall be delivered on a demand, not required to be made within any specified time, the allegation that a demand was made, without mentioning any time, is a sufficient statement of the fact to support a verdict, and therefore a general demurrer will not lie to the complaint on that account. If for any of the reasons heretofore suggested the demand was delayed so long as to amount to evidence of an abandonment of the contract by the plaintiffs and the discharge of the defendant from his obligation to deliver the hops, that fact, with the circumstances, may be set up as a defense to the action. Nor is it probable that the place of making the demand, if it was made upon the defendant in person, can ever become material. It was to be made upon the defendant, and of course might be made wherever he could be found. The agreement does not require it to be made in any particular place. And if it was made upon the plaintiff constructively, by being left at his actual or supposed place of business or abode with a third person, and he is advised that such a demand is insufficient, he may deny the allegation of a demand, and contest it on the proof. Neither is it necessary to allege at what time and place the plaintiffs were ready and willing to receive any pay for the hops. Such an allegation necessarily refers to the time and place of delivery. *Porter* v. *Rose*, 12 Johns. 211. And, in this case, the contract fixes the place of delivery, and the demand should fix the time of it.

If, then, the allegation concerning the demand is so indefinite as to the time when it was made and the time thereby appointed for the delivery as to render "the precise nature of the charge" uncertain, the defendant's remedy is not by special demurrer, but by motion, under section 84 of the Code of Civil Procedure, to make the complaint more definite and certain in this respect.

Nor do I think the undertakings of either of the parties to this contract are conditions precedent, within the purview of section 86 of the Code of Civil Procedure, which authorizes the performance of such condition to be pleaded by stating generally that the party duly performed all the conditions on his part.

And particularly is this the case as to the demand—the one undertaking which comes nearer being a condition precedent than any

other to be performed by the plaintiffs. For the contract being silent as to the time when or within which the demand was to be made, any averment of performance of this condition which did not state "the facts" of such performance, would be open to the objection of indefiniteness and uncertainty. But even in the case of a contract with stipulations, which are conditions precedent, a general averment of performance of such stipulations can only be sufficient where the mode and time of performance are substantially detailed in the contract, and not left to the judgment or discretion of the party bound. to perform.

The demurrer is overruled.