## HOLT v. BROWN & Co.

63   319
89   292

1. **Practice**: MOTION TO STRIKE OUT PART OF PETITION: ERROR WITH-
OUT PREJUDICE. The overruling of a motion to strike out portions of
the petition is no ground for reversal, even if erroneous, where the mo-
tion did not strike at any vital part of the petition, and the sustaining
of the motion could not have benefitted the appellant.

63   319
103   618

63   319
138   557

2. **Evidence**: ERRONEOUS ADMISSION OF: ERROR WITHOUT PREJUDICE.
The admission of evidence which was immaterial and incompetent is no
ground for reversal, where it appears that the evidence so erroneously
admitted could have wrought no prejudice to appellant.

63   319
f139   382

3. ———: STATUTE OF FRAUDS: OBJECTION TOO LATE. The objection,
made for the first time in the argument in this court, that certain evi-
dence admitted on the trial was inadmissible under the statute of frauds,
which was not pleaded as a defense, comes too late, and cannot be con-
sidered.

4. **Sale of Personal Property for Future Delivery**: DEMAND:
TIME OF DELIVERY. Under a contract of sale of personal property, to
be delivered at the option of the buyer on or before a certain date, the
buyer has the right to demand the immediate delivery thereof at any
time up to that date, but if no demand is made until after the time stip-
ulated, the seller is entitled to a reasonable time after demand within
which to deliver.

5. ———: OFFER TO DELIVER: WHAT IS SUFFICIENT: READINESS TO
DELIVER: DISPOSITION OF PERISHABLE PROPERTY. Under a contract
of sale of personal property for future delivery, an offer in writing ex-
pressing a readiness to deliver, made on the part of the seller, is suffi-
cient, under section 2105 of the Code, to bind the buyer, in a case where
the buyer denies his obligation to accept the goods under the contract;
and it is immaterial in such a case whether the seller has or has not the
goods ready for delivery at the time the offer is made; nor is he com-
pelled to retain the goods, if of a perishable nature, beyond a reason-
able time, in order to have them ready for delivery whenever the buyer
may choose to accept them.

6. **Practice in Supreme Court**: VERDICT NOT DISTURBED WHERE
EVIDENCE IS CONFLICTING. Where the evidence is conflicting, the re-
fusal of the trial court to grant a new trial, on the ground that the ver-
dict is not sustained by the evidence, will not be disturbed, even in a
case where this court has doubts as to the sufficiency of the evidence.

7. **Evidence**: PAROL TO ENLARGE WRITTEN CONTRACT: DEGREE OF
PROOF REQUIRED. Where it is sought in an action at law to enlarge a
written contract by a subsequent parol contract, the rule applicable to

jury trials prevails, viz., that the issues are to be determined by a preponderance of the evidence; and an instruction to the effect that plaintiff must establish the enlargement of the contract by evidence "clear, satisfactory, and not made up of mere loose and random statements," was as favorable for defendant as he could demand. The rule in equity, where it is sought to show that a deed absolute on its face is in fact a mortgage, and in like cases, is different. See cases cited and distinguished.

*Appeal from Clarke Circuit Court.*

WEDNESDAY, APRIL 23.

ACTION AT LAW; trial by jury; verdict for plaintiff, and defendants appeal.

*McIntire Brothers*, for appellants.

*Stuart Bros.* and *John Chaney*, for appellee.

SEEVERS, J.—The plaintiff and defendants entered into the following written contract:

"OSCEOLA, IOWA, Dec. 5, 1879.

"Geo. C. Holt has this day sold to S. P. Brown & Co. ten thousand pounds choice factory butter, at 26 cents per pound, put up in patent tin pails, to be delivered at said Brown & Co.'s option up to the 15th day of January, 1880."

The plaintiff claims that this contract afterward, during December, 1879, was so changed by parol as to increase the quantity of butter to twenty thousand pounds. Ten thousand pounds of butter was delivered and paid for, and defendants denied having made any other or different contract than that in writing. The plaintiff made in writing what he claims was a sufficient offer of performance on his part, and brought this action to recover damages sustained by reason of the defendants' failure to perform on their part.

The defendants denied the material allegations of the petition, and pleaded as a counter-claim that the butter delivered was not choice factory butter, and that they were thereby greatly damaged.

Counsel for the apellee insists that the abstract is incorrect, and they have filed an amended abstract. The correctness of this abstract is denied by counsel for appellants, and they insist that we shall examine the transcript and determine which is correct. Instead of so doing, we have concluded to disregard the amended abstract; and in the determination of the case have relied alone on the appellants' abstract.

I. The defendants filed a motion to strike out certain portions of the petition, which it is insisted the court erroneously overruled. The motion did not strike at any vital part of the petition. If it had been sustained, the defendants would not have been in any respect benefited, nor were their rights prejudiced by overruling the motion; besides which, the motion was filed after an amended answer had been filed.

*1. PRACTICE: motion to strike out part of petition: error without prejudice.*

II. It is assigned as error that the court erred in overruling the motion to suppress the deposition of David, Isaac and George Epler, Milton Holt, R. B. Shurer and John H. Myer. The abstract does not contain any evidence purporting to have been given by the three witnesses last named, and the motion was sustained as to the deposition of George Epler. The only question, therefore, which we can consider is, whether the court should have suppressed the depositions of the two Eplers first above named. Several reasons are assigned in the motion to suppress, more than one of which are apparently well taken, if true; but we cannot determine whether this is so, because the abstract only contains a single question, and answer thereto, of the examination in chief of Isaac Epler, and which purports to be an answer to a question asked David Epler. Among the grounds stated in the motion to suppress was that the evidence of the witnesses was immaterial, incompetent and irrelevant. This objection the record enables us to determine.

*2. EVIDENCE: erroneous admission of: error without prejudice.*

The only evidence stated in the record to have been given by Isaac Epler in the examination in chief is as follows:

" I am well acquainted with the kind and quality of but-
ter put up by Mark Graly.  I never to my knowledge hand-
led butter put up in patent tin pails, and cannot say what
effect it would have on said butter from Osceola, Iowa, to
Leadville, Colorado.  My opinion is it would injure it."
The evidence of David Epler is in substance the same.  It
should be stated that the defendants were doing business in
Leadville, Colorado, and the butter was shipped to that mar-
ket.   That the evidence above set out is immaterial we think
must be conceded.   Mark Graly is the man who packed or
put up plaintiff's butter, but the witness does not state
whether the quality of butter put up by Graly was good or
bad.   This evidence could not possibly have affected the de-
fendants prejudicially.   The witness, also, at the close of his
evidence, expresses an opinion which we are unable to see he
was qualified as an expert to express.   But we are unable to
conclude that this evidence had any effect on the jury preju-
dicial to any one.   It must be remembered that the material
question was not what the condition of the butter was when
it reached Leadville, but was it "choice factory butter" at the
place of delivery—Osceola, Iowa.

We have examined the whole evidence with special refer-
ence to this question, and are forced to the conclusion that
we ought not to reverse this case because of the admission of
the evidence above set out.

III.   It is suggested in argument that, as the enlargement
of the written contract was by parol, it was within the statute
of frauds, and, therefore, as we understand, it is
claimed that evidence tending to establish such
parol contract was inadmissible.   It is exceed-
ingly doubtful whether the subject-matter of the contract is
within the statute.   Code, § 3665.   But, be this as it may,
the statute was not pleaded, and no such objection was made
when the evidence was offered, nor is it assigned as error that
any of the evidence was inadmissible because the statute re-
quired it to be in writing.   The first and only time we find

3. ——: stat-
ute of frauds:
objection too
late.

the statute of frauds mentioned is in the argument of counsel. We therefore are of the opinion that the objection, conceding it to be well taken, comes too late.

IV. The circuit court correctly construed the written contract, and held that, up to January fifteenth, the defendants had the option to call for the butter at any time, but when that time had passed without a demand, the plaintiff was entitled to a reasonable time to perform. The defendants did not make any call or demand for the butter under the contract. It is not claimed, therefore, that plaintiff failed to perform on his part; but it is insisted that he was not ready to perform—that is, to deliver any more butter than he did; and, as he was paid for all he did deliver, he is therefore not entitled to recover.

*4. SALE of personal property for future delivery: demand: time for delivery.*

The court held that an offer in writing expressing a readiness to perform was sufficient, under the Code, § 2105, and that, although the plaintiff may not then have had butter on hand to perform on his part, yet he was entitled to recover of the defendants, if they denied the contract, or denied that they had ever agreed to take any more butter than had been delivered. We think the construction adopted by the court is correct. Up to January fifteenth it may be conceded that the plaintiff was bound to perform whenever he was called upon; but after that time a demand was required to put him in default, and we think he was entitled to a reasonable time to perform after demand.

*5. ——: offer to deliver: what is sufficient: readiness to deliver: disposition of perishable property.*

After the fifteenth of January there was no time of performance fixed, and we think that either party was entitled to a reasonable time after demand; and such seems to be the general rule. 2 Parsons on Contracts, 660. It is, however, said that section 2105 of the Code does not apply to cases of this kind, but to *specific* personal property; and it is said that this means certain designated, specific or marked property. We do not think this is the proper construction. At common law, in order to make a valid tender of either money

or chattels, the thing, whatever it. was, must be personally tendered to the party entitled thereto. Now, the statute dispenses with such personal tender, and provides that a written offer to perform is equivalent to an actual tender. Suppose one owes another .$100; under the statute he may offer to pay that amount of money. It is not essential to the validity of the tender that he must have been bound to deliver certain specific or marked coin or bills, and that he must offer to de-deliver such bills. So here, plaintiff was under a contract to deliver butter. The property was specified, and he might offer to perform by tendering butter—the subject-matter of the contract. We understand the statute to mean that, when there has been a contract entered into in relation to personal property, which may be discharged by a tender of the property, a written offer to perform has the same effect as an actual tender. We therefore think the court did not err in allowing the written offer to perform to be introduced in evidence.

It is further insisted that, when the offer to perform was made, the plaintiff did not have on hand the required amount of butter ready to deliver at any time when the defendants chose to say they were ready to receive it; that the butter should have been set apart and kept ready for delivery. But it appears from the evidence that butter speedily deteriorates, and that it is what is designated as perishable property. Certainly this kind or class of property should not be set apart and kept until the determination of a lawsuit. If the plaintiff had the butter on hand when he offered to perform, we think the defendants had a right to expect that he would only keep the butter a reasonable time, and that he would sell it on the market before it had materially deteriorated. This we think the plaintiff was required to do, and that it is immaterial whether he had the butter on hand when the offer to perform was made; for, if the defendants declared they were ready to recieve the butter, the plaintiff was entitled to a reasonable time to perform after such acceptance, which can

only have the effect of a demand made by the defendants on the plaintiff.

V.  The court on its own motion propounded certain interrogatories to the jury, the answers to which are entirely consistent with the general verdict.  Counsel for the appellants insist, however, that the answers to the interrogatories and the general verdict are against the weight of the evidence, and also that the verdict is against the instructions of the court.  We have, after much reflection, concluded that we cannot interfere in this respect.  The close point in our opinion is as to the counterclaim, whether the finding is not against the weight of the evidence.  This depends to a large extent upon what is "choice factory butter?" that is to say, how is it made or manufactured?  Upon this question the evidence is conflicting, and, while we would have been just as well satisfied if the circuit court had granted a new trial, we cannot, under the established rule, reverse its judgment.

*6. PRACTICE in supreme court: verdict not disturbed where evidence is conflicting.*

VI.  The court instructed that, in "attempting to enlarge the written contract by parol evidence, the burden is upon the plaintiff, and the evidence offered for this purpose must be clear and satisfactory, and not made up of mere loose and random statements."  It is insisted that this instruction does not state the law correctly, and that an instruction asked by the defendants, that the evidence "must be clear, satisfactory and conclusive," should have been given.  In support of this view, several cases are cited, among which are *Corbit v. Smith*, 7 Iowa, 60; *Cooper v. Skeel*, 14 Id., 578, and *Dalby v. Cronkhite*, 22 Id., 222.  The question in these cases, all of which were in equity, was whether a deed absolute on its face could be shown to be a mortgage by parol evidence, or kindred questions.  But it has been held that the rule which prevails in equity is not applicable to trials by jury.  *McAnnulty v. Seick*, 59 Iowa, 586.  In such actions, the rule is that the issue must be determined by a preponderance of the evidence.

*7. EVIDENCE: parol to enlarge written contract: degree of proof required.*

The instruction given is fully as favorable as the defendant was entitled to.

AFFIRMED.