## CHIELOVICH v. KRAUSS and Others.*

### No. 11,007; February 19, 1886.

#### 9 Pac. 945.

**Quieting Title—Title Founded on Fraudulent Judgment.**— Where in an action to quiet title to land it appears that the title of plaintiff is derived through a fraudulent judgment, it must be made to appear that the parties defrauded, where they had notice of such fraudulent judgment, took proper steps to avoid the consequence of such judgment by filing a motion under section 473, Code of Civil Procedure, to have the fraudulent judgment set aside.

**Trial—Rule of Court—When Set Aside.**—A rule of the trial court established for the promotion of justice may, in the discretion of the court, and to meet the ends of justice, be set aside.

**Mortgage—Tender After Due—Effect on Lien.**—The tender of the amount due on a debt which is secured by mortgage, after due, will not release the mortgage lien.

APPEAL from Superior Court, County of Yolo.

Charles L. Quen and Ball & Craig for appellant; W. B. Treadwell and Grove L. Johnson for respondents.

FOOTE, C.—Action to quiet title by plaintiff against Krauss. Roth intervened. Demurrers were interposed to the answer and complaint in intervention, and were both overruled. Judgment was then rendered against the plaintiff, and his motion for a new trial denied. From the judgment and order he appealed. The point is made by respondents that the court erred in settling and considering the statement on motion for a new trial against their objection, and that it should not be considered on appeal. The ground of the objection urged is that the court set aside its own rules, which required, in all cases where an extension of time to prepare, serve, and file such statement was granted, that as a condition precedent to its validity the order made in the premises should be served on opposing counsel, or the party he represented, which course was not taken in this case.

A rule of that description is intended to meet the ends of justice, and a court can, in the exercise of a proper and legal

*For subsequent opinion, see 11 Pac. 781, post, p. 700.

discretion, set it aside: People v. Williams, 32 Cal. 282–289; Pickett v. Wallace, 54 Cal. 147, 148. In the absence of anything in the record to show what reason controlled the action of the court, as in this case, it is to be presumed that a proper one existed, and that tribunal acted upon it. The demurrers to the answer and complaint in intervention should have been sustained.

In both the pleadings objected to it was affirmatively pleaded that plaintiff's attorney had practiced a fraud on the defendant Roth in obtaining a judgment in an action on a promissory note, which judgment was the foundation of the title which in the present action plaintiff sought to have quieted. But nowhere was it alleged that Roth, or his attorney Treadwell, who had notice of that judgment, and opportunity for doing it, ever endeavored to have it set aside on motion, under section 473 of the Code of Civil Procedure; or that they had been prevented from so doing by any artifice, deception, or fraud on the part of plaintiff or his attorney. This course of action should have been taken, as otherwise it would appear that the party complaining of fraud, etc., had not used due and proper diligence to avoid its effect: Bibend v. Kreutz, 20 Cal. 109; Ketchum v. Crippen, 37 Cal. 223; Ede v. Hazen, 61 Cal. 360. For the same reason the evidence of Treadwell on that point was inadmissible.

There was no allegation in the answer filed in the action on the promissory note of date the 4th of April, 1878, denying its making and execution as of that date. On the contrary, it contained a positive averment that the note "was made, executed, and delivered" in the state of Nevada, and not in California. There was nothing in the answer, or the complaint in intervention, filed in the present action, which averred a date different from that shown by the note. Therefore evidence tending to show a date other than that on its face was, under the pleadings, inadmissible.

Appellant contends that a tender of the amount due on a debt, which is secured by mortgage, made after the debt falls due, releases the lien of the mortgage. This is not the law of California: Himmelmann v. Fitzpatrick, 50 Cal. 650.

The other questions raised it is unnecessary to determine; for should amendments to the pleadings be allowed and made in the court below, testimony may become pertinent which

might, perhaps, under the present issues, be inadmissible, although this we do not now decide.

The judgment and order should be reversed and cause remanded for a new trial.

Belcher, C. C., and Searls, C., concurred.

By the COURT.—For the reasons given in the foregoing opinion the judgment and order are reversed and cause remanded for a new trial.