GREENWOOD et al. v. WATSON et al.

(Circuit Court of Appeals, Third Circuit.   July 1, 1909.)

No. 15.

1. SALES (§ 150*)—PERFORMANCE—PLACE—TENDER BY SELLER.
   Where a contract for the sale of corporate stocks and bonds provided that the buyer agreed to pay the price on a specified day, and that the place of payment was to be a certain bank in Chicago, where the securities were to be assembled and all clearances made, the seller was bound to have the securities at that place on the day specified and then and there tender the same to the buyer in order to establish the buyer's default, unless a tender was waived.

   [Ed. Note.—For other cases, see Sales, Dec. Dig. § 150.*]

2. TENDER (§ 11*)—REQUISITES.
   In order to constitute a valid tender, there must be actual ability, accompanied by immediate physical possibility of reaching out and laying hold of the thing to be delivered and the making of a manual proffer thereof, or of placing it in such a position that the person to receive it may lay hold of it if he chooses.

   [Ed. Note.—For other cases, see Tender, Cent. Dig. § 20;  Dec. Dig. § 11.*

   For other definitions, see Words and Phrases, vol. 8, pp. 6910, 6911.]

3. SALES (§ 176*)—DELIVERY—WAIVER OF DEFAULT OR DELAY.
   Where a buyer's agent requested further time to accept a delivery of securities purchased, which was denied, and on the date specified for completing the sale the buyer notified the seller that S. was the buyer's agent, but would communicate with the seller, there was no waiver of the seller's obligation to have the securities at the place specified for the completion of the sale in order to make a tender required to put the buyer in default.

   [Ed. Note.—For other cases, see Sales, Dec. Dig. § 176.*]

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

For opinion below, see 164 Fed. 294.

W. B. Bodine, Jr., and G. W. Pepper, for plaintiff in error Maury.

Joseph De F. Junkin, for plaintiff in error Greenwood.

E. J. Pershing and Geo. E. Nicholls, for defendants in error.

Before GRAY and BUFFINGTON, Circuit Judges, and BRAD-FORD, District Judge.

BUFFINGTON, Circuit Judge.   In the court below, Messrs. Watson, Preston & Co., herein called "plaintiffs," recovered a verdict against Greenwood & Co., herein called "defendants," for breach of a contract between them.   Defendant's motion for judgment non obstante veredicto having been denied and judgment entered for plaintiffs on the verdict, defendants sued out this writ of error.   The error now pressed is that binding instructions for defendants should have been given.   The contract sued on was as follows:

   "This agreement entered into as of this 7th day of July, A. D. 1906, by and between Watson, Preston & Company, of Chicago, Illinois, known hereinafter

as the party of the first part, and Greenwood and Company, of Philadelphia, Pennsylvania, known hereinafter as the party of the second part:

"Whereas, the party of the second part is desirous of purchasing the gas and electric light property located at Centralia, Illinois, the property being owned by a corporation known as the Centralia Gas & Electric Company; and whereas, the party of the first part owns or controls the capital stock; it is hereby mutually agreed as follows:

"First. The party of the first part agrees to sell and deliver to the party of the second part all of the stock and bonds of the company herein referred to and in accordance with the terms and agreements herein contained, on or before August 1, 1906. The stock and bonds sold are as follows: $125,000.00 preferred stock; $125,000.00 common stock; $165,000.00 5 per cent. first-mortgage, gold bonds. The above stock and bonds mentioned, being all of the stock and bonds outstanding against the company.

"Second. In consideration of the party of the second part making the payments as hereinafter specified, the party of the first part agrees to deliver the securities hereinbefore referred to and turn the property over free and clear from all indebtedness.

"In consideration of the agreement of the party of the first part, the party of the second part agrees as follows:

"First. On or before August 1, A. D. 1906, the party of the second part hereby agrees to pay to the party of the first part the sum of two hundred and thirty-five thousand dollars ($235,000.00) in cash; the place of payment to be the American Trust & Savings Bank, of Chicago, where all securities are to be assembled and all clearances made, in accordance with the terms of this contract."

This agreement contemplates delivery of the securities at a certain time and place. In such case the duty of a vendor is clear. "Where the thing is to be performed at a certain place, on or before a certain day, to another party to a contract, there the tender must be to the other party, at that place." Benjamin on Sales, § 686.

Recognizing this, the plaintiffs in their statement of claim averred that on August 1, 1906, they were ready to deliver the stocks and bonds in question "at the American Trust & Savings Bank, Chicago, Ill., and then and there tendered the same to the defendants, who declined to receive them or to perform their contract in any way whatsoever." The defendants, by their plea, denied such tender. On the trial it was shown that on August 1, 1906, the securities in question were not presented or tendered in Chicago, but were then in a bank at Bellesville, Ill., 300 miles distant. Now the authorities are clear that the plaintiffs, in order to recover damages against the defendants for noncompliance by the latter with this contract, must show a tender of securities or an express or implied waiver of tender by the defendants. This contract called for the performance of concurrent acts by the parties, and the plaintiffs could no more put the defendants in default by demanding payment for the stocks without having them there and tendering them than the defendants could have put the plaintiffs in default by demanding the stocks without having the money there and tendering it. The law in that respect is stated in Hunt on Tender, § 226:

"Actual ability, accompanied by the immediate physical possibility of reaching out and laying hold of the money or thing to be delivered and making a manual proffer of it, or placing it in a position so that the tenderee, if he choose, may lay hold of it, must not only exist as a fact, but it must be made to appear at the time that the party has the money or thing ready for actual delivery."

In the case of Buchenau v. Horney, 12 Ill. 336, the court say that:

"A tender is stricti juris and must be clearly proved. * * * To constitute a legal tender. it is essential to prove an actual offer of the sum due, unless the actual production and offer of the money be dispensed with by the express declaration of the creditor that he will not accept it, or by some equivalent act."

Where the acts of buyer and seller are mutual and concurrent, it follows that, to put one in the position of legal default and actionable liability, tender or waiver of tender must be shown by the other party, and while, as said in Benjamin on Sales, § 713, "the actual production of the money may be dispensed with by the vendee, the courts, however, have been vigorous in requiring proof of a dispensation with the production of the money." Referring to mutual and concurrent duties in a sale, the court say, in Dunham v. Pettee, 8 N. Y. 513:

"If the buyer in a case of this sort fails to pay or offer to pay within the time specified for mutual performance, the seller is discharged from liability to answer in damages for not delivering the thing sold; but it does not follow that the seller in such case is entitled from the mere default of the buyer to recover the purchase money. To entitle the seller to recover the price, he must show not only that the purchaser failed to pay, but that he himself was ready and offered to deliver the goods."

So in Neis v. Yocum (C. C.) 16 Fed. 170, the court, referring to mutual, concurrent obligations, say:

"But if either party would enforce this contract against the other, he must do more than show the default of such other; he must show a performance, or an offer to perform on his part, or, according to the circumstances of the case, that he was ready and willing to perform at the time and place appointed. Dunham v. Pettee, 8 N. Y. 508; Coonley v. Anderson, 1 Hill, 519; Lester v. Jewett, 11 N. Y. 453; Goldsborough v. Orr, 8 Wheat. 224, 5 L. Ed. 600; Phila., etc., Ry. Co. v. Howard, 13 How. 338, 14 L. Ed. 157."

The actual production and tender of these securities at the time and place of delivery their contract required being necessary, and this not having been done, it is clear this action cannot be sustained, unless the defendants waived such production and tender. Inasmuch as there was no express waiver by word or writing, one could be implied from acts only. Such acts we do not find. Some time during July, Scholl, an agent of defendants, requested from the plaintiffs a postponement of the date of performance; but his request was not acceded to. Thus Watson, one of the plaintiffs, says:

"He (Scholl) asked me at that time if there could not be some way of putting this off for a few days. I told him at that time I did not know how it could be done, that we had arranged for making the clearance both ways on the 1st day of August."

He was then asked: "Did you, at the interview with Mr. Scholl that you have spoken of, extend the time then?" to which he replied: "No, there was no conclusions come to at all."

It will thus be seen that the plaintiffs on August 1st stood on their contract rights and were not misled by an act or request of defendants from which they could infer that a tender of contract performance by them was waived. Indeed, that they stood on contract performance and not a waiver of a requirement thereof is shown by their telegram of that date to defendants, wherein they say: "We are ready

to deliver as per contract with you dated July 7th." There can be no mistake as to their position. Having granted no extension, they had a right to stand on their contract. This they did in their telegram,. in the letter they wrote defendants the same day, and in their statement of claim in this suit. So standing on their contract it became their duty to comply with their obligation to deliver the securities on August 1st at the place of delivery their contract called for. Unfortunately for their legal position they failed to have the securities there. The telegram received by them from defendants during the day, saying: "W. H. Scholl is our representative in matter. He will communicate with you"—was no waiver of the necessity of tender. The plaintiffs did not see Scholl or hear from him until some days later. The telegram neither affected nor misled any one. It in no way debarred the plaintiffs from placing the defendants in the position of actionable default by making a proper tender, and it in no way debarred the defendants from standing on their right to a precedent tender by plaintiffs before defendants were put in actionable default.

There being therefore no tender by plaintiffs and no waiver of tender by defendants, we are clear that binding instructions should have been given for defendants.

The judgment is therefore reversed.