ST. GEORGE'S SOCIETY et al., Petitioners, v. H. H. SAWYER, Judge, et al., Respondents.

**CONTEMPT:** Failure to Reinstate Lodge Member—Fatally Insufficient Tender. When a lodge and the officers thereof are subject to contempt for failure to reinstate a member ''upon the payment of all dues and fines,'' no basis for contempt proceedings is shown by testimony that a representative of the member attended a session of the lodge, made inquiry as to said member, discovered that the members present were hostile, and thereupon sat down, without producing or offering to produce the money for said dues and fines, and without even giving notice that he was representing said member.

Headnote 1: 13 C. J. p. 77.

*Certiorari to Des Moines Municipal Court.*—H. H. SAWYER, Judge.

JULY 1, 1927.

Certiorari to test the jurisdiction of the respondent to predicate a judgment in contempt against the petitioners herein.  The salient facts are stated in the opinion.—*Writ sustained.*

*Oscar Strauss* and *A. J. Myers,* for petitioners.

*John D. Denison,* for respondents.

DE GRAFF, J.—The instant writ of certiorari issued from this court on a petition alleging that the respondent municipal court of the city of Des Moines, Iowa, acting by and through Honorable H. H. Sawyer, Judge, exceeded its jurisdiction, and

erred in finding that the petitioners herein were guilty of contempt, and in inflicting punishment thereunder.

The filed return discloses that, on the third day of March, 1926, E. J. Koloski claimed to be a member, in good standing, of the St. George's Society, which was a lodge, duly incorporated under the laws of the state of Iowa, with its membership largely confined to Lithuanians, and that Stanley Kuliski was its acting president, and Leon Budrevich was one of its secretaries. The lodge and these two officers are the petitioners in this action.

It appears that the lodge, on or about October 11, 1925, attempted to suspend E. J. Koloski from membership, by reason of certain alleged violations of its articles and by-laws, and that, subsequently thereto, Koloski commenced an action, making the society and the two officers heretofore named, parties defendant. Upon issues joined, the cause was tried, and on April 29, 1926, a decree was entered, which, *inter alia*, contained the following provisions:

"1.   That the defendants and each of them be and they are hereby required to reinstate the plaintiff in membership in the defendant St. George's Society upon the payment by him of all dues and fines owed by him to the said St. George's Society, at this time.

"4.   That these defendants be and they are hereby strictly enjoined and restrained from failing to reinstate plaintiff in his membership in said St. George's Society, defendant, and from denying him any of the rights to which he is legally entitled as a member of said society upon the payment by him of all sums now owing by the said Koloski to the defendants."

The defendants were bound to obey the order and decree of the trial court, even though the same might have been erroneous. *Carr v. District Court*, 147 Iowa 663.

The one question presented for determination is whether or not the evidence presently stated sustains the contempt charged. The findings made by the respondent court are not conclusive on review, but it is for this court to say, having due regard for the findings of the lower court, whether the facts clearly and satisfactorily establish and constitute the contempt. *Andreano v. Utterback*, 202 Iowa 570.

It is conclusively shown that the St. George's Society did

not reinstate E. J. Koloski to membership in said society. Failure so to do was the provocation for a citation upon the petitioners to show cause why they should not be adjudged in contempt of court.

The petitioners, as defendants below, filed answer. The issuable facts give rise to the one question, to wit: Was there, as a matter of law, a valid and legal tender of fines and dues by E. J. Koloski to the society, as a condition precedent to his reinstatement?

It may be observed that the decree of the municipal court provided for the reinstatement of the respondent Koloski "upon the payment by him of all dues and fines owed by him to the St. George's Society, at this time." There is no claim that such payment was made, and the only issue, therefore, is whether there was a lawful tender of such payment. That a formal tender, when exacted by law, may be waived, is too well settled to require the citation of authority. *Rose v. Eggers*, 148 Iowa 306. Furthermore, in the matter of tender, the law does not require a person to do a vain or useless thing. *Steckel v. Selix*, 198 Iowa 339, loc. cit. 346. However, to constitute a tender, there must be a definite offer to pay, on the one hand, and an unqualified refusal to accept, on the other. *Supreme Tent, Knights of the Maccabees v. Fisher*, 45 Ind. App. 419 (90 N. E. 1044).

A sufficient tender imports not only readiness and ability to perform, but actual production of the thing to be delivered. *Leask v. Dew*, 102 App. Div. 529 (92 N. Y. Supp. 891). Readiness to tender is not the equivalent of tender. *Cooley v. Bergstrom*, 3 Ga. App. 496 (60 S. E. 220). Two things must concur, to constitute a valid tender: (1) Actual ability, accompanied by immediate physical possibility of reaching out and laying hold of the thing to be delivered, and (2) the making of a manual proffer thereof, or placing it in such a position that the person to receive it may lay hold of it if he chooses. *Greenwood v. Watson*, 96 C. C. A. 421 (171 Fed. 619). See, also, *Bane v. Atlantic C. L. R. Co.*, 171 N. C. 328 (88 S. E. 477); *Whittaker v. Belvidere Roller Mill Co.*, 55 N. J. Eq. 674 (38 Atl. 289).

It is also recognized that an obligee cannot be compelled to receive a tender from a stranger unless he has an opportun-

ity of knowing the authority by which it is made.  *Eslow v. Mitchell*, 26 Mich. 500; *Mahler v. Newbaur*, 32 Cal. 168 (91 Am. Dec. 571). In brief, to constitute a valid tender, the money must be present, ready, produced, and offered to the person who is entitled to receive it. 26 Ruling Case Law 626.

In the light of the legal principles stated, what did E. J. Koloski do, to meet the condition prescribed by the order of court to which the contempt proceeding is referable? The next meeting of the lodge after the entry of the decree in the original action was on May 9, 1926. Koloski was not present. The lodge conducted its sessions on Sunday. On this particular date, the lodge transacted business.

It appears that, on the preceding Saturday, Koloski gave to Joe Music, a member and trustee of the lodge, at the home of the latter, $8.00, and, at the time, said to him:

"Here is $8.00, to pay dues. I guess the dues are about $7.00, and $1.00 extra."

Music attended the Sunday session, and on that occasion asked:

"What are you going to do, brothers, with Koloski? And members say, nothing to do with him no more. He don't belong to the lodge no more. Q. Who said that? A. Everybody present at the lodge. Q. Then what did you do,—what did you say? A. All I got to say,—I just sat down. Q. Did you have the money with you,—the $8.00? A. I have the money; I never show no money. Q. Did you offer the money to anybody? A. I never show no money. Q. What was the reason you didn't offer them the money? A. How am I going to pay the lodge if they don't take the money? Q. So you didn't offer to pay the dues? A. No. Q. So you just sat down; you never did pay the money to anybody? A. No. I gave the money back to Koloski, a few days after that."

Does this evidence establish a legal tender? We think not. There is no showing that the lodge understood that Music had any authority from Koloski to pay the dues in question. Music never advised the lodge that he was acting as the agent of Koloski in this particular. He never produced the money or made a proffer of the money to the proper official of the lodge.

Dues and assessments must be paid by a member to an officer authorized to receive payment. A tender of payment of

dues and assessments to a person, an officer not under bond, and his refusal to accept it, on the ground that the member is suspended, is ineffectual to bind the society, even though it is customary for such an officer and other officers to receive payment of assessments. Niblack, Benefit Societies and Accident Insurance (2d Ed.) 521, Par. 279.

It is quite apparent from the record that the members of the St. George's Society did not have any favors to extend to the erstwhile brother, Koloski. In fact, at a subsequent meeting, under amended articles, duly adopted, Koloski was expelled from the society. This incident, however, is not material in the determination of the matter before us.

Sufficient to state that an obligation rested upon Koloski, as well as upon the lodge, under the terms of the decree entered. The lodge was required to reinstate Koloski, but the latter was first obligated to pay all dues and fines owed by him to the society. He did not pay, nor did he make a valid tender; and it follows that the petitioners herein are not subject to fine for contempt.

The writ heretofore issued by this court is, therefore,— *Sustained.*

All the justices concur.