

Larson, Bindner & Skinner, Paullina, for appellant.

Charles F. Knudson, Marcus, for appellee.

Submitted to MOORE, C. J., and RAWLINGS, REES, REYNOLDSON and HARRIS, JJ.

MOORE, Chief Justice.

Defendant-farmer appeals $10,800 judgment to plaintiff-elevator company for breach of a written corn sale contract. We affirm.

On January 3, 1973 the parties entered into a written contract for the sale and delivery of 9,000–11,000 bushels of corn for $1.30 per bushel. Defendant Bainbridge was to make delivery in February but the contract specifically stated the "failure to deliver above grain within specified time does not cancel this contract, when delivery is not made according to contract, we reserve the right to extend time of delivery or cancel the contract."

The corn was never delivered by Bainbridge. He testified he made repeated requests to deliver the corn between February and May, but that plaintiff's manager, Merle Sand, refused acceptance and thus he was excused for nonperformance of his contract obligations. He testified he had been to the elevator at various times on other business and had known other farmers who delivered corn during this period. On one such occasion Bainbridge had delivered on a separate soybean contract.

Sand testified Bainbridge had requested delivery in February but did not insist on it and therefore he had extended time for delivery due to the exigencies of the grain business. He stated the trade practice is to execute grain contracts but to leave delivery flexible for producers and that in over thirty years of business he had cancelled such contracts in only three instances.

Sand further testified that he first learned Bainbridge would not deliver the corn when on August 13, 1973 Bainbride stopped at the company office and said, "I hate to tell you this, but I am not going to deliver it." Sand stated he asked Bainbridge to reconsider his decision and "let me know what his final decision was." The next day Bainbridge called and repeated he would not deliver the corn. Thereafter plaintiff-company demanded payment at the August 14 price and proceeded to "cover" the contract with a contract purchase of 8000 bushels of corn at $2.65 per bushel

from another producer in order to mitigate damages.

Near the end of the trial court's findings of fact and conclusions of law the court found:

"Under the facts and law it is the conclusion of The Court that there is a complete failure of evidence to show a valid excuse for non-performance by the defendant seller of the contract sued upon. As originally stated in this opinion in cases cited in support thereof, The Court feels that the defendant in this case in seeking to escape his contractual obligations has not established his good faith in refusing to perform the agreement he entered into, and is therefore liable for any damages suffered by the plaintiff buyer in this cause of action."

On this appeal appellant Bainbridge asserts (1) he had made a valid tender of delivery, (2) plaintiff had breached the contract by failure to accept delivery, (3) if he had breached the contract it was on May 15 and not on August 14, 1973 and (4) that there is insufficient evidence to support the above quoted conclusion.

■ I. In this law action the fact findings of the trial court have the effect of a special verdict and if supported by substantial evidence they are binding on us and will not be disturbed. Furthermore, we view the evidence in a light most favorable to the judgment. Rule 344(f)(1); *Gordon v. Pfab*, Iowa, 246 N.W.2d 283 (1976); *Hayes v. Hettinga*, Iowa, 228 N.W.2d 181, 182; *Farmers Insurance Group v. Merryweather*, Iowa, 214 N.W.2d 184, 186. However, these rules do not preclude inquiry into the question whether the trial court applied erroneous rules of law which materially affect its decision. We are not bound by the trial court determinations of law. *Whewell v. Dobson*, Iowa, 227 N.W.2d 115, 117; *Farmers Insurance Group*, supra, at 187.

■ II. The trial court in resolving the issue of tender properly applied the provisions of the Uniform Commercial Code. The pertinent sections are 554.2503 and 554.2507.

Section 554.2503 provides for the seller's basic tender obligation as follows:

"554.2503—*Manner of seller's tender of delivery* (1) Tender of delivery requires that the seller put and hold conforming goods at the buyer's disposition and give the buyer any notification reasonably necessary to enable him to take delivery. The manner, time and place for tender are determined by the agreement and this Article, and in particular

a. tender must be at a reasonable hour, and if it is of goods they must be kept available for the period reasonably necessary to enable the buyer to take possession; * * * *."

Section 554.2507 provides:

"(1) Tender of delivery is a condition to the buyer's duty to accept the goods and, unless otherwise agreed, to his duty to pay for them. Tender entitles the seller to acceptance of the goods and to payment according to the contract."

In *St. George's Society v. Sawyer*, 204 Iowa 103, 105, 214 N.W. 877, 878, we state:

" * * * . Two things must concur, to constitute a valid tender: (1) Actual ability, accompanied by immediate physical possibility of reaching out and laying hold of the thing to be delivered, and (2) the making of a manual proffer thereof, or placing it in such a position that the person to receive it may lay hold of it if he chooses. *Greenwood v. Watson*, 96 C.C.A. 421, 171 F. 619. See, also, *Bane v. Atlantic C.L.R. Co.*, 171 N.C. 328, 88 S.E. 477; *Whittaker v. Belvidere Roller Mill Co.*, 55 N.J.Eq. 674, 38 A. 289."

In *Holt v. Brown & Co.*, 63 Iowa 319, 323, 324, 19 N.W. 235, 237, a case arising out of a butter sales contract, we state actual delivery of the butter was not required and that a written offer to perform has the same effect as actual physical tender of the goods.

Here Bainbridge was not required to actually haul the corn to plaintiff-elevator in order to tender delivery. However he did nothing more than make inquiry regarding delivery which clearly did not meet the requirements of Code section 254.2503.

III. Bainbridge argues he had cancelled the contract on May 15. He testified he had gone to the elevator that day and told Sand "I didn't think I would [deliver the corn], because he had used me and the contract was broken." He did not deny the conversations on August 13 and 14 as related by Sand. The trial court's finding that defendant's breach occurred in August rather than May is supported by substantial evidence. Likewise the other fact findings are so supported. The lower court judgment is affirmed.

AFFIRMED.

Supreme Court of Iowa.

Nov. 17, 1976.