[No. 9746.    Department Two. — August 25, 1885.]

LUCY GILMORE, RESPONDENT, v. AMERICAN CEN-
TRAL INSURANCE COMPANY OF ST. LOUIS,
APPELLANT.

PRACTICE — STIPULATION TO ABIDE DETERMINATION OF ANOTHER CAUSE — FINAL
JUDGMENT. — Where two causes alike in every material respect, and having the
same attorneys on both sides, are pending in the same court, a stipulation that
one of them shall abide the determination of the other, and that final judgment
may be entered in accordance with such determination, does not lose its effect
for the reason that a judgment rendered in the other case is reversed on the
ground of error in overruling a demurrer to the complaint, the pleadings in that
case being thereupon amended without making any substantial change in the
issues and final judgment obtained on the merits.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing to vacate the same.

The facts are stated in the opinion.

*Gray & Haven, T. C. Van Ness,* and *W. P. Gardiner,* for Appellant.

*Wells, Van Dyke & Lee,* for Respondent.

BELCHER, C. C. — This is the second appeal in this case. Upon the first appeal it was held that the judgment was prematurely entered, and it was therefore reversed.

That judgment was entered upon the stipulation which is recited in the opinion of the court (65 Cal. 63), and the judgment now appealed from was entered upon the same stipulation.

It is now claimed that the stipulation had become *functus officio* and did not authorize the entry.

It appears that the *Lycoming Case* referred to in the stipulation, and this case, had been commenced upon fire insurance policies which were issued by the defendant companies upon the same property and were substantially alike. Demurrers had been interposed to the complaints and overruled and answers

filed. The cases were called for trial on the same day, and thereupon "both parties consenting in open court that the issues in this cause are identical with those of the other action," the stipulation was made and entered in the minutes of the court.

By the stipulation it was agreed that "all proceedings herein shall be stayed until final judgment and decision" in the *Lycoming Case*, "and in case of an appeal in said last-named action then such proceedings are stayed until the final determination of such appeal; and upon such final determination, judgment, and decision" of the *Lycoming Case*, "either party, without notice, shall and may cause to be entered a judgment in this action corresponding to and like the said final judgment."

The *Lycoming Case* was then tried and judgment rendered in favor of the plaintiff.

An appeal from that judgment was taken, and it was reversed upon the ground that the demurrer to the complaint should have been sustained, because a copy of the policy being attached to the complaint, the application therefor which was referred to and made a part of the policy was neither set forth in the complaint nor its contents alleged. (*Gilmore* v. *Lycoming Fire Insurance Company*, 55 Cal. 123.)

On the going down of the remittitur the plaintiff amended her complaint by attaching thereto a copy of her application for the policy. The defendant amended its answer, but no substantial change was made in the issues to be tried. The case was then tried and judgment was again rendered in favor of the plaintiff. After that judgment had become final the defendant moved the court to change its rulings upon the demurrer in this case, and the motion was set down for hearing at a future day. Before the day arrived the plaintiff without notice moved the court for judgment in pursuance of the stipulation, and her motion was granted. The appeal here is from that judgment and an order refusing to set it aside.

We see nothing in this of which the defendant can be heard to complain.

When the stipulation was made the cases were in every material respect alike. They were based upon like policies, involved the same amount of money, and had the same attorneys both for plaintiff and defendant.

That being so, it was not thought necessary or advisable to go to the expense of trying both of them, as a final judgment in one would determine the real merits of the other. It was, however, contemplated, that an appeal might be taken in the case tried, and that for the possible error in overruling the demurrer, or for other errors afterwards committed, the judgment might be reversed. It must also have been contemplated that in case of a reversal amendments might be made and a new trial had. The stipulation in effect provided that while all this was being done in the *Lycoming Case*, and until a final judgment should be reached in that case, this case should remain in abeyance; but that when the judgment should become final in that case, then a like judgment might be entered without notice in this case.

The judgment appealed from in the *Lycoming Case* was not final within the meaning of the stipulation, and the stipulation did not become *functus officio* when that judgment was reversed. Nor was it necessary to amend the complaint in this case as it was amended in that. The amendment was but a means to obtain a trial upon the merits, and the judgment thereafter obtained became final only in the sense of the stipulation, when the time to move for a new trial and to appeal therefrom had elapsed and no motion was made and no appeal taken. Then the plaintiff became entitled to the judgment which she took in this case.

In our opinion the judgment and order should be affirmed.

FOOTE, C., and SEARLS, C., concurred.

The COURT.—For the reasons given in the foregoing opinion the judgment and order are affirmed.