[L. A. No. 897.    Department Two. — September 23, 1901.]

SECURITY LOAN AND TRUST COMPANY, etc., Respondent, v. FRANCISCO ESTUDILLO et al., Appellants.

FORECLOSURE OF MORTGAGE — STIPULATION FOR DEFAULT JUDGMENT — AUTHORITY OF ATTORNEY — PRESUMPTION. — Where it appears that an attorney for the defendant in an action to foreclose a mortgage was employed to secure delay, and after securing all the delay practicable, waived further right to answer, and stipulated for a default judgment, it must be presumed that such stipulation was within the scope of his authority.

ID. — REFUSAL TO SET ASIDE DEFAULT — PRESUMPTION UPON APPEAL — CONFLICTING EVIDENCE. — Upon appeal from an order refusing to set aside the judgment by default, all presumptions are in favor of the order, and where the evidence was conflicting as to the authority of the attorney to stipulate for the judgment, the order must be affirmed.

ID. — AFFIDAVITS OF PLAINTIFF — IMMATERIAL AFFIDAVIT OF MERITS. — Affidavits for the plaintiff were properly read on the motion to set aside the default, for the purpose of showing that the default should not be opened. If the stipulation for the default was authorized as found by the court, the defendant's affidavit of merits was immaterial.

ID. — EVIDENCE OF AUTHORITY — TESTIMONY OF ATTORNEY — PRIVILEGED COMMUNICATION. — The testimony of the attorney was admissible to show his authority to stipulate for the default. His employment was not a "privileged communication," within the meaning of the statute.

APPEAL from an order of the Superior Court of Riverside County refusing to vacate a judgment by default. J. S. Noyes, Judge.

The facts are stated in the opinion of the court.

J. F. Conroy, for Appellants.

R. H. F. Variel, for Respondent.

THE COURT. — Appeal from order denying motion to set aside default and vacate judgment and decree of foreclosure.

In May, 1892, the plaintiff loaned to defendants $12,675, for which defendants gave their notes secured by mortgage. In May, 1898, the plaintiff became dissatisfied with the loan, as a

large amount of interest had accumulated and remained unpaid. Defendants then employed Wilfred M. Peck as their attorney, and a series of negotiations in regard to proposed settlements followed, necessitating delays. The matters were not settled, and finally, in October, 1898, plaintiff began an action to foreclose the mortgage, and the summons was duly served upon defendants. The amount then due was over seventeen thousand dollars.

Upon the application of defendants' attorney, various delays and extensions were granted. Finally, defendants filed a demurrer to the complaint.

On December 20, 1898, plaintiff became desirous of proceeding with the foreclosure, and after so notifying defendants' attorneys, the following stipulation was entered into:—

"It is stipulated by and between the plaintiff in the above-entitled action, on the one hand, and the defendants, Francisco Estudillo and Felicitas Estudillo, on the other, by their respective counsel duly authorized thereto, that the demurrer of the said defendants to the plaintiff's complaint, heretofore filed in said action, may be forthwith overruled by the above-entitled court, and that said defendants may have twenty days' time *from this date* within which to file and serve their answer in said action.

"Dated December 20, 1898.            R. H. F. Variel,
                                      "Attorney for Plaintiff.
                                      "Wilfred M. Peck,
"Attorney for Francisco Estudillo and Felicitas Estudillo."

Defendants' attorney agreed that he would have a minute order entered upon the above stipulation overruling the demurrer, but by oversight, or otherwise, neglected to do so. Plaintiff's attorney became ill for several weeks, and further delays resulted. Negotiations were resumed, and the attorney for defendants desired to secure from plaintiff an agreement to waive a deficiency judgment. The plaintiff refused to make such agreement or to give further time. Thereupon, on the stipulation of December 20, 1898, and on February 8, 1899, a minute order was entered, of which the following is a copy: "In accordance with the stipulation filed herein by counsel for plaintiff and defendants, it is hereby ordered that the demurrer of Francisco Estudillo and Felicitas Estudillo be overruled and twenty days given to answer."

On February 21, 1899, after some conversation about the various delays, the attorney for defendants, at the request of plaintiff's attorneys, entered into a stipulation, the material part of which is as follows: —

"That said defendants waive the service of notice of overruling of said demurrer, and further waive the right to and refuse to further appear or answer in said action, and that the plaintiff shall be entitled to take judgment in accordance with the prayer of its complaint, or as may otherwise be ordered by the court on the hearing of said cause.

"Dated February 21, 1899.                R. H. F. VARIEL,

"Attorney for Plaintiff.

"WILFRED M. PECK,

"Attorney for said Defendants."

Upon the above stipulation, default was entered and a judgment and decree of foreclosure duly made. Defendants contend that their attorney was not authorized to make the above stipulation; that he was retained to defend the case on its merits, and had no authority to consent to a default against them. The affidavits and evidence on this question were conflicting, but there is evidence which, if true, shows that defendants had retained the attorney for the purpose of securing all the delay possible, and that their attorney had authority to make the stipulation.

The attorney testified that he was employed long before the suit was brought, for the purpose of gaining all the time he could for defendants; that in pursuance of his employment he procured various extensions of time before suit was brought, and after suit he procured further time; that defendant Francisco was with him on all occasions, except one, when these extensions were procured; that on August 1, 1898, when the last extension of time was granted, prior to bringing suit, in the office of plaintiff's attorney, it was agreed by defendant Francisco that in case he failed to pay the plaintiff at the time named in the extension, he would make no delay and would interpose no defense; that after suit was brought he put in a demurrer, but told defendant Francisco that according to agreement he would consent to have it overruled.

The affidavit of plaintiff's attorney sets forth fully the letters and correspondence with regard to time, and states that finally, on September 20, 1898, when again asked for time, it was

stated by defendant and his attorney that one Wolfskill had conditionally promised defendants a loan, and time was wanted for Wolfskill to examine the property; that it was agreed by defendants' attorney, in the presence of defendant Francisco, that if Wolfskill should not make the loan after investigation, that defendants "would not appear or demur in said action, or cause any delay in connection with the foreclosure proceedings."

In a letter written by plaintiff's attorney to defendants' attorney, dated October 6, 1898, the various delays and extensions of time are referred to, and this language is used: "These various extensions of time have been given in deference to Mr. Estudillo, to obviate any necessity on his part of endeavoring, through unnecessary objections, to delay the foreclosure proceedings. Of course I did not take any written stipulation from you or from Mr. Estudillo. It was not considered necessary, but it was to my mind, and it was to Mr. Bartlett's mind, one of the expressed conditions under which these various extensions were made, that in the event Mr. Estudillo could not make some satisfactory arrangement, then we were to be allowed to proceed unobstructedly with the foreclosure proceedings. We gave him every extension requested, either by him, by his brother, or by you, and until each and all of you admitted that every hope of effecting a replacement of the loan or a sale of the property had been exhausted. Under all the circumstances, therefore, permit me to express it to you plainly, that, in my judgment, Mr. Estudillo is not justified in any manner in intervening in the case to procure delay."

In a letter from defendants' attorney, in reply to the above, dated October 11, 1898, after reference to the delays and extensions, it is said: "I certainly had and have no intention of violating any pledges made to either you or Mr. Bartlett, though I hardly think my statements to either of you were quite as strong as you and Mr. Bartlett put them. Be that as it may, I shall ask for no extension of time, nor will I put in any demurrer or answer for time."

We think the above evidence, and other circumstances not necessary to be here inserted, sufficient to sustain the order made by the court. An attorney is an officer of the court, and the presumption is that he acted within the scope of his employment. All presumptions are in favor of the order of the

lower court. If there is evidence sufficient to justify the order, we must affirm it.

There was no error in permitting the affidavits of plaintiff to be read. The court did not admit them for the purpose of contradicting the defendants' affidavit of merits, but for the purpose of determining as to whether or not the default should be opened. If the stipulation was authorized, the default was properly entered, regardless of the question of merits. Nor was it error to allow the defendants' attorney to testify as to his authority to enter into the stipulation. Defendants denied that any such authority was ever given. The attorney was the principal witness as to his authority and the purposes for which he was employed. The employment was not a "privileged communication," within the meaning of the statute.

The order is affirmed.

Hearing in Bank denied.