[L. A. No. 1434. In Bank.—August 16, 1906.]

# FRANCISCO ESTUDILLO and FELICITAS ESTUDILLO, Appellants, v. SECURITY LOAN AND TRUST COMPANY OF SOUTHERN CALIFORNIA, and THOMAS KEEFE, Respondents.

APPEAL FROM JUDGMENT—ORDER SUSTAINING DEMURRER TO COMPLAINT—AMENDED DEMURRER.—An amended demurrer to the complaint supersedes the original, and being the only demurrer is properly designated as "the demurrer" in an order sustaining "the demurrer," and the entry of the judgment cannot be deemed irregular on the ground that the amended demurrer was not passed upon. •

ID.—ACTION TO SET ASIDE FORECLOSURE DECREE AND SALE—FRAUD IN PROCUREMENT—ACCOUNTING—SUFFICIENCY OF COMPLAINT—A complaint in an action in equity to set aside a decree foreclosing a mortgage for fraud in its procurement, and to vacate the sale, and cancel the certificate and deed, and for an accounting, which alleges a fraudulent collusion between the attorney for the plaintiffs, who were mortgagors defendant in foreclosure, and who had instructed him to defend against the mortgage debt, and the attorney for the mortgagee, who jointly stipulated for a default judgment for the full amount claimed by fraud, knowing that the mortgagee had received moneys to the use of the mortgagors in the sum of $9,600, for which it had failed to account or to credit upon the mortgage debt, and that the property was agreed to be sold by a commissioner who was clerk for the attorney of the mortgagee, and who was caused to disregard the rights of the mortgagors in the sale with intent to deprive plaintiffs of their lands, shows a fraud extrinsic to the merits, and states sufficient ground in equity for the relief sought.

ID.—DISCOVERY OF FRAUD WITHIN SIX MONTHS—DENIAL OF MOTION TO VACATE DECREE—RELIEF IN EQUITY NOT BARRED.—Although the facts constituting the alleged fraud were known by plaintiffs within six months after the decree, and although a motion to vacate the decree on the ground of surprise and excusable neglect was made under section 473 of the Code of Civil Procedure and denied, the alleged fraudulent collusion did not thereby become *res adjudicata,* and relief in equity against it was not barred, the remedy therefor not being adequate under that section. [McFarland, J., dissenting.]

ID.—CORRECT PRACTICE.—The correct practice is to move to vacate the judgment under section 473 of the Code of Civil Procedure, which, if granted, would afford the most expeditious mode of securing a defense of the action; but if it is unsuccessful, the injured party is

entitled to a regular trial in equity upon the issue of fraud in its procurement.

ID. — LIMITATION OF ACTION IN EQUITY FOR FRAUD — LACHES. — The limitation of an action in equity for relief on the ground of fraud is three years after the discovery of the fraud; and where that period has not expired from the date of the fraud, the right to maintain the action is governed not by the doctrine of laches, but by the statute of limitations.

ID.—ACCOUNTING PREVENTED BY FRAUD — RESCISSION INAPPLICABLE. — Where the right to an accounting in the foreclosure suit was prevented by the fraud alleged, the right to maintain the action does not depend upon the readiness and ability of the plaintiffs to pay the amount found due upon the accounting. They are entitled to a correct determination of the amount of their indebtedness and to have the mortgaged premises sold under a proper decree. The doctrine of restoration under rescission of a contract has no application to cases of this kind.

APPEAL from a judgment of the Superior Court of Riverside County.    J. S. Noyes, Judge.

The facts are stated in the opinion of the court.

J. F. Conroy, for Appellants.

R. H. F. Variel, and John G. North, for Respondents.

BEATTY, C. J.—The plaintiffs, who are husband and wife, mortgaged certain lands to secure an indebtedness to the defendant Loan and Trust Company, a corporation. Under a judgment of foreclosure, entered upon their default, the mortgaged premises were sold to the corporation by its co-defendant, Keefe, acting as special commissioner under the decree. The object of the present action is to obtain a decree vacating the foreclosure sale, canceling the certificates and deeds executed and recorded in pursuance of the sale, requiring the corporation to account for moneys received by it from the plaintiffs and from others to their use, which should have been credited upon the mortgage indebtedness, and for general relief.

The grounds upon which this relief is claimed are,—1. That the foreclosure decree was fraudulently obtained for an excessive amount; and 2. That the sale of the mortgaged premises was unfairly and illegally conducted by the commissioner

acting in collusion with the mortgagee, for the purpose, and with the effect, of discouraging competition of bidders, and thereby enabling the mortgagee to become the purchaser at a price much below the actual value of the lands.

The complaint was filed in December, 1900. The defendants first filed a general demurrer for want of facts. Afterwards, but before any action upon that demurrer, they filed, as of course, an amended demurrer specifying more particularly their objections to the complaint for want of facts, and adding the special objection that several separate and distinct causes of action had been united and combined in the complaint without a separate statement. An order was subsequently entered in the cause in these terms: "It is ordered that the demurrer be sustained and ten (10) days given to amend the complaint." Plaintiffs declined to amend, and judgment was entered dismissing the action. From the judgment so entered plaintiffs appeal.

The first point urged in support of the appeal is that the judgment was erroneously entered because it appears that the only demurrer in the case has never been disposed of. The appellants contend that the amended demurrer superseded the original, and that the order of the superior court is by its terms confined to the original, leaving the amended demurrer still standing as an obstacle to any final judgment. It is true the amended demurrer did supersede the original, and thereby completely disposed of it. The order of the court subsequently entered, therefore, had nothing to operate upon except the amended demurrer, and is to be construed as sustaining it. This is doing no violence to the terms of the order. A demurrer is none the less a demurrer because it has been amended, and the last amended demurrer in a case, being the only demurrer, is properly designated as "the demurrer." The entry of the judgment cannot be held to have been even irregular, so far as this objection is concerned.

The more serious objections to the judgment remain to be considered, and among these the first in order and importance is the claim that the allegations of the complaint, if true, were sufficient to entitle the plaintiffs to a decree vacating the foreclosure judgment upon the ground that it was procured by fraud. Assuming the truth of what is alleged, there can be no doubt that the decree of foreclosure was procured by a

fraud practiced upon the court of a character entitling the plaintiffs to the relief which they are seeking in this action, and the only question is whether their complaint does not also show that they are debarred from any relief in equity by the fact that they had a complete remedy by motion in the foreclosure suit—a proceeding which they took and in which they litigated unsuccessfully the same matters which they are endeavoring to relitigate here. The facts alleged are that plaintiffs borrowed of the Loan and Trust Company $12,675 in May, 1892, giving their note for that principal sum, and also separate interest notes, payable semi-annually for a period of three years. To secure the notes they mortgaged a tract of land containing nine hundred and fifty acres, which had been surveyed and platted into lots and blocks as an addition to the town of San Jacinto, in Riverside County. They received in cash only $1,874.44, the balance of the loan being retained by the Loan and Trust Company to satisfy alleged prior liens upon the land. They have never had any account of the application of the moneys so retained, and charge that they were more than sufficient to satisfy the liens. Between the date of the loan and the 25th of October, 1898, plaintiffs paid all the interest notes, and besides there had been paid by them and by others for their account various sums, amounting in the aggregate to nine thousand six hundred dollars, which the corporation has appropriated, and for which it has failed to account. The suit to foreclose was commenced October 22, 1898, and as shown by the default judgment subsequently entered, the corporation alleged an indebtedness of nearly sixteen thousand dollars, with interest from May 1, 1898. The sum so claimed was, on any calculation, more than could have been due at that date, after deducting the payments alleged to have been made. These plaintiffs retained an attorney to defend the suit to foreclose, and communicated to him the facts constituting their defense. He interposed a demurrer to the complaint, which was subsequently overruled by his consent, time being allowed to answer. A week before the time to answer expired he signed and filed in the action the following stipulation:—

"The defendants, Francisco Estudillo, and Felicitas Estudillo, his wife, named in said action, having appeared therein by their attorney, Wilford M. Peck, and demurred to the

plaintiff's complaint, and said demurrer having been overruled by the above-entitled court on the 8th day of February, 1899, by an order duly entered in the minutes of said court;

"Now, therefore, it is stipulated and agreed by and between the plaintiff represented by its undersigned attorney, duly authorized thereto, and the said defendants, Francisco Estudillo and Felicitas Estudillo, his wife, by their said attorney duly authorized thereto.

"That said defendants waive the service of notice of overruling of said demurrer, and further waive the right to and refuse to further appear or answer in said action, and that the plaintiff shall be entitled to take judgment in accordance with the prayer of its complaint, or as may otherwise be ordered by the court on the hearing of said cause.

"Dated February 21, 1899.

"R. H. F. VARIEL,

"Attorney for Plaintiff.

"WILFORD M. PECK,

"Attorney for said Defendants."

On the same day the cause was heard and judgment of foreclosure entered. The mortgage indebtedness, according to the complaint and judgment, amounted at that date to $18,464.98, to satisfy which, and costs, the lands were ordered sold. There was besides a personal judgment entered against these plaintiffs for one thousand dollars attorney's fee. According to the allegations of the complaint in this action a much smaller sum remained unpaid on the mortgage debt than was found due by said judgment, and the mortgagee must be deemed to have known that it was taking judgment for an excessive amount upon the stipulation of an attorney who was sacrificing the interest of his clients in abandoning their valid defense to a large portion of the claim asserted against them. It is charged, and by the demurrer admitted, that the mortgagee knew prior to the date of the stipulation that said attorney had been instructed to file an answer for these plaintiffs, and that he had no authority to stipulate for a judgment by default. That the stipulation was collusive and fraudulent in fact and in intent is repeatedly charged, and is by the demurrer admitted. These facts so admitted, constitute a fraud extrinsic and collateral to the issues in the

cause which entitles the plaintiffs to relief in this action un-
less it shall be held that their sole remedy was by motion in
the foreclosure suit to vacate the judgment on the ground of
surprise and excusable neglect.    (Code Civ. Proc., sec. 473.)

The facts relevant to this question are that plaintiffs first
learned of the stipulation and subsequent proceedings on the
14th of April, 1899, and immediately discharged their said
attorney, and on the 19th of the same month filed a motion to
set aside their default and vacate the judgment. This motion
was overruled by the superior court June 14th. An appeal
from that order was taken to this court, and was still pend-
ing when the present action was commenced in December,
1900. The grounds upon which that motion was based are
not stated in the complaint, but counsel in their briefs make
frequent reference to the report of our decision on the appeal
from the order (*Security Loan and Trust Co.* v. *Estudillo,* 134
Cal. 166, [66 Pac. 257]), from which it appears that the
whole question mooted was that of the authority of the at-
torney to make the stipulation. It does not appear from that
decision that any question of fraud on the part of the Loan
and Trust Company was litigated or involved in that pro-
ceeding unless it was necessarily involved in the question as
to the authority of the attorney to stipulate. But we are
clearly of the opinion that in this case we cannot take notice
of the record on that appeal. We are here confined to the
facts alleged in this complaint, which merely shows that the
motion to vacate was made and overruled, and that an appeal
from the order was pending when this action was commenced.
It is alleged that the frauds and fraudulent conduct of the
defendant corporation were discovered about the 10th of
October, 1899, which was more than six months after the
entry of the judgment. These alleged frauds consisted, in
addition to what is above stated, in inducing the attorney to
execute and deliver the stipulation for judgment, and to con-
ceal his unauthorized proceedings in the action, in ignoring
the proper description of the lands in the foreclosure judg-
ment, and causing them to be described in the decree and
order of sale as nine parcels or tracts, which could not be
identified by reference to the recorded map of the premises,
in naming the defendant Keefe as commissioner to make the
sale when he was clerk in the office of the corporation's at-

torney, and in causing him to do and to omit to do various things in connection with the sale in disregard of the rights of these plaintiffs, all with the intent and purpose of enabling the corporation to deprive plaintiffs of their lands.

If the right of plaintiffs to maintain this action depends upon their discovery of the frauds here alleged too late to make them the ground, or one of the grounds, of their motion to vacate the default judgment in the foreclosure suit, it must be held that their complaint does not state facts sufficient to constitute a cause of action. They allege it is true that the frauds of the corporation defendant were discovered about the 10th of October, 1899, but they also allege that they had notice of the judgment and the stipulation upon which it was entered in April, 1899. Necessarily they also knew before that date of their instructions to their attorney to make their defense in the action and of his betrayal of their cause. They knew that the judgment was for an excessive amount and that the corporation must have been aware of the fact when its complaint was filed. They knew how the land was described in the decree, and the manner in which it had been arbitrarily subdivided for the purposes of the sale; they knew that Keefe had been appointed commissioner to make the sale, and what his connection with the corporation's attorney and with the litigation was. In short, they knew all the facts which they now allege for the purpose of showing the fraud, except the fact that the corporation *induced* their attorney to enter into the stipulation, and to conceal his proceedings. That their attorney was induced by the corporation to consent to the default judgment was a fact necessarily to be inferred from the facts which they knew, and since they discovered his proceedings in time to make their motion, his attempted concealment, whether collusive or not, is a circumstance entirely immaterial here.

We must, therefore, treat this complaint as showing, not that the alleged frauds were first discovered in October, 1899, but as showing that they were known to plaintiffs at the time they gave notice of their motion to vacate the default judgment. So regarding it, the question presented for decision is whether a party against whom a judgment excessive in amount has been entered upon a fraudulent and collusive agreement between his attorney and the opposing party can

maintain a separate suit in equity to vacate such judgment, or enjoin its enforcement when it appears that he had notice of its entry and the fraud in its procurement in ample time to have moved for relief under section 473 of the Code of Civil Procedure.

Upon this question there seems to be a conflict of authority in other jurisdictions, and we have not been referred to any decision of this court in a case clearly calling for a determination of the precise point. The general principle that equity will not interfere to vacate or enjoin the execution of a judgment at law when the party aggrieved has a plain, speedy, and adequate remedy by motion to vacate the judgment or quash the execution, or by an appeal, is recognized and applied in many cases, but the question whether a summary motion to be supported by affidavits is an adequate remedy, and therefore exclusive, in a case such as this, has not been directly involved or decided in any of the cases that have come to this court, with the possible exception of *California Beet Sugar Co.* v. *Porter*, 68 Cal. 370, [9 Pac. 313]. That was a case very much like this, in which the superior court sustained a demurrer to the complaint, and where, on the appeal, respondent contended that the action was not maintainable because the plaintiff had a plain, speedy, and adequate remedy by motion. In response to this objection the court said: "It has been held in *Bibend* v. *Kreutz*, 20 Cal. 109; *Ketchum* v. *Crippen*, 37 Cal. 223; and *Ede* v. *Hazen*, 61 Cal. 360, that so long as the statutory remedy by motion to set aside a judgment exists, the assistance of a court of equity cannot be invoked. But none of those cases involved the question of judgment fraudulently taken against an injured party and executed by a sale of his property." Further on the opinion says: "It is a general rule that if relief be obtainable against mistakes or errors of law or fact committed in a judicial proceeding the statutory remedies for relief must be resorted to in the proceeding itself. But, as the supreme court of the United States says in *United States* v. *Throckmorton*, 98 U. S. 65, 66, 'there is an admitted exception to this general rule in cases where by reason of something done by the successful party to the suit, there was in fact no adversary trial or decision of the issue in the case. Where the successful party has been prevented from exhibiting fully his

case, by fraud or deception practiced on him by his opponent, as by keeping him away from court, a false promise of a compromise, or where the defendant never had knowledge of the suit, being kept in ignorance by the acts of the plaintiff; or where an attorney fraudulently or without authority assumes to represent a party and connives at his defeat; or where the attorney regularly employed corruptly sells out his client's interest to the other side; these and similar cases which show that there has never been a real contest in the trial or hearing of the case, are reasons for which a suit may be sustained to set aside and annul the former judgment or decree and open the case for a new and a fair hearing.' '' From all this it would seem that the judgment of reversal in that case was intended to be rested upon a distinction as to the remedy between cases of judgments obtained by fraud of the plaintiff, and judgments suffered by reason of surprise or excusable neglect on the part of the defendant. It is not, however, entirely clear from the report that the question was necessarily involved, though it may have been. But even if what was said in that case should be regarded as *obiter*, it is still entitled to respect, and in the absence of direct authority upon the question ought to be followed if no good reason appears for laying down a different rule; and no such reason is suggested. On the contrary, it appears to me to be a salutary rule. The burden of proof rests upon no one more heavily than upon a plaintiff seeking relief upon the ground of fraud, and he ought not to be unduly hampered as to the means of making proof. In support of a motion he is limited to *ex parte* affidavits of voluntary witnesses unless the court in its discretion permits a wider latitude. In a separate suit he may bring unwilling witnesses into court by subpœna, and he may take their depositions. The remedy is ampler and more efficacious, and the case is one which demands the amplest and most efficacious remedy. My conclusion is that the plaintiffs had the right to maintain this suit, notwithstanding they knew of the frauds alleged in ample time to have moved upon that ground.

But it is objected that they did move, and that their right to have the judgment vacated is *res adjudicata.* It does not, however, appear from this complaint that they moved upon the ground of the fraud here alleged, and the report of our

decision on the appeal from the order denying the motion shows that it was made upon the ground of want of authority in their attorney to stipulate. The allegations of this complaint do not show that the order denying the motion to vacate is a bar to this action. In Black on Judgments it is said (sec. 321) : "In an action to set aside a judgment on the ground of fraud, neither the judgment thus sought to be vacated, nor an order refusing to set aside a default and permit an answer in that case can be set up as a bar to the action." From which it would seem to follow that in such a case as this the correct practice would be to move promptly under section 473 of the Code of Civil Procedure, and if defeated in that proceeding to commence a separate action for relief upon the ground of the plaintiff's fraud—a practice to be commended as convenient and expeditious in case the motion should be granted, and as affording the injured party all the advantage of a regular trial of the issue of fraud if the more summary proceeding proved ineffectual.

This is the course which plaintiffs have taken, and if the practice is admissible, they cannot be charged with lack of diligence. They moved promptly for relief in the foreclosure suit, and before that motion was finally decided they commenced this action.

There has been no laches. The period of limitation for actions for relief on the ground of fraud is three years from the discovery of the fraud. This action was commenced less than two years after its commission. The cases cited by respondent in which the complaint has been held bad for failure to show how and when the fraud was discovered, and why it was not sooner discovered, were all cases in which the action was commenced more than the full period of limitation after the commission of the fraud. In such cases the doctrine of laches applies, but in a case like this the right to maintain the action is governed by the statute of limitations.

Nor does the right to maintain the action depend upon the readiness and ability of the plaintiffs to pay the amount that may be found due on an accounting. They are entitled to a correct determination of the amount of their indebtedness and to have the mortgaged premises sold only under a proper decree. What has been said in the cases of rescission cited by the respondent as to the necessity of averring readiness and

ability to restore what has been received under the contract has no application to such cases as this.

It follows from what has been said that the judgment of the superior court must be reversed, but in view of the further proceedings involved in this conclusion it is proper to add that if upon a trial of the issues it shall be found that the attorney who represented these plaintiffs in the foreclosure suit had authority from them and acted in good faith in stipulating for judgment according to the prayer of the complaint, and that no fraud was practiced by the defendant corporation in procuring the entry of the decree, the plaintiff will have no right to demand that the sale and other subsequent proceedings be vacated. For if the decree was not in accordance with the prayer of the complaint the defendants therein had a remedy by appeal, and that remedy was exclusive, and if it was in accordance with the prayer of the complaint they cannot now object to a sale made in the mode authorized by their formal consent. In other words, our conclusion is that if there was in fact no fraud in the procurement of the judgment, the plaintiffs have no right of action.

The judgment appealed from is reversed and the cause remanded, with instructions to the superior court to overrule the demurrer with leave to the defendants to answer.

Shaw, J., Sloss, J., Angellotti, J., Henshaw, J., and Lorigan, J., concurred.

McFARLAND, J., dissenting.—I dissent, and adhere to the opinion delivered in Department affirming the judgment. [87 Pac. 24.] I think that the case clearly comes within the rule that equity cannot be invoked where there is a remedy at law. Appellants had an ample remedy for their alleged grievance by motion under section 473 of the Code of Civil Procedure. They availed themselves of that remedy and were defeated; and they are now seeking to try all over again the matter there litigated. If their statements are true, they were the victims of the "surprise" which is made one of the grounds for relief in section 473; and it makes no difference that the surprise was the result of alleged fraud. Moreover, if the decision on the motion were no bar to the present action because of fraud involved, then, in my opinion, there is no

sufficient averment in the complaint of facts constituting fraud. The mere averment that plaintiffs "procured" defendants' attorney to make the stipulation, etc., is insufficient; the procurement may have been by proper and justifiable means.

The following is the opinion in Department referred to in the dissenting opinion:—

McFARLAND, J.—A general demurrer to the complaint was sustained, and, plaintiffs not offering to amend within the time allowed, judgment was entered for defendants. Plaintiffs appeal from the judgment.

In appellants' points and authorities it is merely asserted that the complaint does state facts sufficient to constitute a cause of action, and in support of the assertion a general reference is made to eleven paragraphs of the complaint, which are designated by numbers. There is nothing more in the points that can be designated as argument, and no authorities are cited except section 694 of the Code of Civil Procedure. The complaint, with exhibits attached, occupies seventy pages of the transcript. The gist of the complaint, when seen through the mass of the matter set forth, seems to be this: That in May, 1892, appellants executed to the defendant, the Security Loan and Trust Company, a mortgage on certain described lots of land to secure certain promissory notes made by appellants to said company; that on October 22, 1898, said company commenced an action to foreclose said mortgage, and that appellants employed an attorney, W. D. Peck, to defend the action; that the attorney filed a demurrer to the complaint, which was afterwards, by his consent, overruled; that on February 21, 1899, the said attorney made and filed a stipulation on the part of the appellants that appellants would make no further defense to the action, that their default be entered, and that judgment might be rendered for plaintiff in said action as prayed for in his complaint; that on said twenty-first day of February, 1899, a judgment of foreclosure was rendered and entered; that the defendant herein, Thomas F. Keefe, was appointed a commissioner to sell the mortgaged premises; that on the twenty-second day of January, 1899, said Keefe did sell said premises to the respondent herein, the said Security Company, and

gave it certificates of sale, and on January 22, 1900, executed to respondent deeds for the land so sold. The main purpose of the action is to have the said judgment of foreclosure set aside, and the said sale of the mortgaged premises vacated.

It is averred that appellants' attorney in the foreclosure case was not authorized to make the stipulation above noticed, and that he did so by the procurement of the plaintiff in said action, etc. But it is also averred that within the time allowed by section 473 of the Code of Civil Procedure, appellants moved the court in which the foreclosure judgment had been entered to set aside the default and vacate that judgment, that the court made an order denying said motion, and that appellants had appealed from that order. It appears from the records of this court that the appeal from the said order was afterwards heard and the order affirmed, although that fact is not important here, and perhaps cannot be considered. (*Security Land and Trust Company* v. *Estudillo*, 134 Cal. 166, 66 Pac. 257].) At all events, the appellants by said motion to vacate the judgment had an ample remedy at law for their alleged grievance; and equity will not interfere where the remedy by law is ample.

It is averred that the commissioner sold the mortgaged premises in nine different parcels, whereas it should have been sold in different and more numerous parcels as demanded by appellants by written notice served on the commissioner, and that therefore the said sale was void. But, in the first place, there is no averment of facts showing that appellants were injured by the manner of sale; and, in the second place, it was decreed in the judgment that the sale should be made in nine named parcels, and the commissioner in making the sale followed the judgment, and, such being the case, the only remedy for the alleged grievance was an appeal from the judgment. In *Ontario Land etc. Co.* v. *Bedford,* 90 Cal. 181, [27 Pac. 39], and *Marston* v. *White,* 91 Cal. 327, [27 Pac. 588], it is said that the provision of section 694 of the Code of Civil Procedure—that upon the sale under execution of land consisting of several well-known lots or parcels the parcels must be separately sold, and according to the direction of the judgment debtor if he be present at the sale—applies to a sale under a judgment of foreclosure only when the judgment is silent as to the method of sale; and while what is said in

those cases may not be a direct adjudication on the subject, still the rule must undoubtedly be as there stated. That part of the judgment in the foreclosure suit which directs how the mortgaged premises shall be sold is certainly not void; and, if it was erroneous, the only remedy was by appeal from the judgment.

The foregoing are the main points in the case, and we see nothing else necessary to be specially noticed. The complaint does not state facts sufficient to constitute a cause of action and the demurrer was properly sustained.

The judgment appealed from is affirmed.