[Civ. No. 2430. First Appellate District.—June 26, 1918.]

## J. LEONARD ROSE, Respondent, v. MAYFLOWER CRAWFORD, Appellant.

JUDGMENT—MOTION TO VACATE—AUTHORITY OF ATTORNEY TO STIPULATE AS TO ENTRY—AFFIDAVIT ADMISSIBLE.—On a motion to vacate a judgment in an action to foreclose the rights of the purchaser under a contract for the sale of real property on the ground that the defendant was not in default under the contract and that her former

attorney was wholly without authority to stipulate that judgment should be entered against her, the affidavit of such attorney to the effect that she admitted her default and that the allegations of the complaint were substantially true was properly read at the hearing.

ATTORNEY AND CLIENT — EVIDENCE — PRIVILEGED COMMUNICATIONS — WAIVER.—Where a client voluntarily testifies as a witness to confidential communications made by him to his attorney, he thereby waives the privileged character of such communications, and both he and his attorney may then be fully examined in relation thereto.

APPEAL from an order of the Superior Court of Alameda County denying a motion to vacate judgments. Everett J. Brown, Judge.

The facts are stated in the opinion of the court.

C. W. Eastin, for Appellant.

A. F. St. Sure, for Respondent.

KERRIGAN, J.—This is an appeal from an order denying a motion to vacate two judgments, one interlocutory and the other final, in an action by which the plaintiff sought to foreclose all the rights of the defendants under a written agreement to purchase an improved parcel of land situated in Alameda County.

On the third day of June, 1914, plaintiff's assignor, L. D. MacDonald, and the appellant entered into a written contract, whereby MacDonald agreed to sell to the appellant the real property described in the complaint for the sum of twelve thousand five hundred dollars, subject to a mortgage of five thousand dollars. Two thousand dollars was to be paid at the time the contract was executed, and upon the balance of the contract the appellant was to pay the sum of one hundred dollars per month until the whole contract price should be paid. There was a provision in the agreement to the effect that if the appellant failed to comply with its terms, she should forfeit all rights thereunder.

Upon the execution of the contract the appellant went into possession of the premises, and when this action was commenced about eighteen months later she was, according to the plaintiff's testimony, about six hundred dollars behind in her payments. The action was commenced in November, 1915, and the summons and complaint served upon the ap-

pellant and her husband. Thereafter, no answer having been made by the defendants, a judgment by default was taken against them. Forty-eight days later, by virtue of a stipulation entered into between the parties, the default was set aside. The defendants thereupon filed an answer, denying only that portion of the complaint which gave to the appellant credit on account of the monthly payments under her contract of $1,002.20; and averring that she had paid on account thereof the sum of $1,102.20; also praying that the court would fix a reasonable time within which she might pay the balance due. On January 21, 1916, a judgment by stipulation was rendered against the appellant, in which it was declared that she owed the defendant on account of the contract a specified sum, and decreed that all her rights in the property under the agreement be canceled and forfeited unless within thirty days from the entry of such decree she should pay to the plaintiff the amount then specified to be due.

On February 19, 1916, appellant changed her attorney, and two days later her new representative served and filed a notice of a motion to vacate the interlocutory judgment, and for permission to file a demurrer, answer, and cross-complaint. On February 23d, it appearing to the court from evidence taken at the hearing of said motion that the appellant had not complied with the condition of the interlocutory judgment, a final decree was entered against her in conformity to the prayer of plaintiff's complaint.

Thereafter, and on March 2, 1916, appellant served and filed a notice of motion to set aside this final judgment. This motion, as in the case of that previously made, was based upon section 473 of the Code of Civil Procedure. According to the affidavit filed by appellant in support of her motions, she was not in arrears in her payments when this action was commenced, and she claimed that had she been credited with all amounts paid by her, the account between the parties would have disclosed that all payments due at that time had been made; that she desired to defend the action, and that her former attorney was wholly without authority to stipulate that judgment should be entered against her. In opposition to her motion there was offered an affidavit by this attorney, from which it appeared that the appellant had freely admitted to him that she was in default under her con-

tract and that the allegations of the complaint were substantially true; that he thereupon told her in the presence of her husband, and on other occasions, that the best he could do for her was to get as much time as possible within which she might endeavor to find a purchaser for the property; that upon the rendition of the interlocutory decree he informed her of what had been done; that she declared herself satisfied, and stated that she would be able to dispose of the property within the thirty days allowed her in the decree within which to pay the amount in default.

Other affidavits and oral evidence introduced by the plaintiff, together with the weak explanation of the defendant and the attendant circumstances, tend strongly to show that she was in fact in default in her payments on the contract as recited in the judgment, and that she was aware that an interlocutory decree had been entered against her, and of its purposes and terms, and that she was, in accordance with the advice of her attorney, doing her utmost to find a purchaser for the property as before mentioned.

It thus appears that the appellant had no substantial defense to the action, and that the attorney who was at that time advising her took the course which to him seemed best calculated to conserve her interests in the property.

We are also of the opinion that the court committed no error in permitting to be read at the hearing upon the motions the affidavit of appellant's former attorney. The conversations between client and attorney therein related were not privileged, for where, as here, a client voluntarily testifies as a witness to confidential communications made by him to his attorney, he thereby waives the privileged character of such communications, and both he and his attorney may then be fully examined in relation thereto. (*Continental B. etc. Assn.* v. *Woolf,* 12 Cal. App. 726, [108 Pac. 729].)

In the case of *Security Loan & T. Co.* v. *Estudillo,* 134 Cal. 166, [66 Pac. 257], the facts are quite similar to those in this case. There it appeared that an attorney, employed for the defendant in an action to foreclose a mortgage, secured all the time he could for the defendant, having done which he waived further right to answer and stipulated that a default judgment might be entered. It was there held, upon an appeal from an order refusing to set aside the judg-

ment thereupon entered, that all presumptions are in favor of the order of the trial court; and that where the evidence is conflicting as to the authority of the attorney to stipulate for the judgment, the order must be affirmed. The court also held in the same case that no error was committed in allowing the defendant's attorney to testify as to his authority to enter into the stipulation, the court upon this point saying: "Defendant denies that any such authority was ever given. The attorney was the principal witness as to his authority and the purposes for which he was employed. The employment was not a privileged communication within the meaning of the statute."

The order appealed from is affirmed.

Beasly, J., *pro tem.*, and Zook, J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 22, 1918.