[Civ. No. 1411. Fourth Appellate District.—May 16, 1933.]

MARY JACOBSMEYER, Petitioner, v. THE SUPERIOR COURT OF SAN DIEGO COUNTY et al., Respondents.

Allan F. Daily, Edward Gallaudet and Louis B. Minter for Petitioner.

Alberta Belford and H. L. Harrawood for Respondents.

BARNARD, P. J.—Petitioner seeks by writ of review to annul an order made by the respondent court and judge purporting to vacate and set aside a decree of distribution and an order discharging the executrix.

On May 31, 1930, this petitioner filed a petition for probate of the alleged last will of Frank Fianke, deceased, which will, dated April 18, 1930, purported to give to this petitioner all of the property owned by said deceased and named her as executrix thereof. A contest and opposition to the

probate of this will was filed by one Wilfred T. Wall, alleging that the testator was of unsound mind on the date of the execution of the will and that said will was not properly executed. Shortly thereafter this petitioner asked for special letters of administration, her petition alleging that there would be an unusual delay in probating the will but not referring to the opposition and contest of the will which had been filed. On July 11, 1930, an order was entered appointing the petitioner special administratrix with power to collect and preserve the property of the estate, and ordering that special letters be issued to her in conformity with the order. On August 15, 1930, an order was entered reciting that petitioner was appointed special administratrix with limited powers on July 11, 1930, that it appeared that a contest had been filed prior to making such order, that it appeared that under such circumstances the order of July 11th should have given the special administratrix general powers, and ordering that petitioner be appointed special administratrix with general powers, that the bond theretofore furnished by her be re-approved, and that the order be made and entered *nunc pro tunc* as of July 11, 1930.

Special letters of administration with general powers were issued, and attached thereto is an oath purporting to have been taken by petitioner, as special administratrix with general powers, on July 11, 1930. A few months later petitioner published a notice to creditors for the required time. On September 4, 1931, an order was entered dismissing the contest to the will above referred to. On September 18, 1931, the will was admitted to probate and this petitioner was appointed executrix thereof, and on that same day she filed her final account as special administratrix and also her final account as executrix of the will, with a petition for distribution. It does not appear that this final account of the special administratrix was ever set for hearing, that the same was ever settled, or that an order was ever made approving and allowing said account. However, on October 2, 1931, her final account as executrix was approved and all of the remaining property was ordered distributed to this petitioner. On October 24, 1931, a decree was entered discharging the petitioner as special administratrix and as executrix.

On January 22, 1932, one Corrine Wall filed a contest to the probate of the will admitted to probate on September 18, 1931, praying that the same be revoked, and alleging that the maker of said will was of unsound mind at the time of its execution; that the execution thereof had been procured by the fraud, duress and undue influence of this petitioner; that on January 16, 1930, the deceased executed a last will naming Corrine Wall as sole devisee and legatee; that the said Corrine Wall had had no knowledge of the existence of the last-named will sufficient to enable her to contest the first will filed; and that she had now filed a petition asking for the probate of the will of January 16, 1930. A citation was issued requiring the petitioner herein to appear and plead to the contest referred to within thirty days after service, in accordance with section 381 of the Probate Code. This petitioner filed a demurrer to said contest on the ground that she was no longer the executrix of the estate named. Corrine Wall then gave notice of a motion to set aside and vacate the order discharging the petitioner as executrix and to vacate the decree of distribution entered, this being accompanied by the affidavit of her attorney. This motion and the demurrer to the contest coming on for hearing together the court overruled the demurrer and allowed ten days within which to answer the contest, ordered the application of Corrine Wall for relief denied, and on the same day entered an order reciting that the plaintiff had filed a notice of motion, supported by affidavit, to vacate the order of decree of distribution and order of final discharge of the executrix, that good cause for shortening the time existed, and ordering the time shortened and fixing a time for hearing. At the time so fixed an order was made vacating and setting aside the decree of distribution and the order discharging the executrix.

The main questions here presented relate to the authority of the court to make the order last referred to. It is contended that no jurisdiction to make such an order existed, because the same motion had previously been denied and because the showing of merits was not sufficient.

■ As to the first contention that the court had lost jurisdiction by previously denying the same motion, while it would seem that the court first denied the motion because proper notice had not been given, the record is silent as

to when the notice of motion and affidavit were served and filed. However, the order shortening time and fixing the hearing recites that notice of motion, supported by affidavit, had been filed and that good cause existed for shortening the time, while the order here complained of recites that it is made upon motion of Corrine Wall, that due notice had been given, and that it is made upon affidavits filed, upon all the records and files of the case, and upon "testimony, oral and documentary, having been received". So far as shown by the record before us, the motion granted was the first one to that end presented to the court, after due notice, and no jurisdiction had been lost.

The main contention is that the court was without authority to act upon the motion because the affidavit filed was not sufficient. The affidavit referred to was made by the attorney for Corrine Wall and recites that Corrine Wall is not a resident of the state of California; that she resides in St. Louis, Missouri; that she had not had sufficient knowledge of the facts to enable her to contest the probate of the will; that since that time she has come into knowledge of such facts; that before she acquired such knowledge the petitioner herein, on October 24, 1931, and only thirty-six days after the purported will was admitted to probate, obtained an order distributing the entire estate to said petitioner and a further order discharging her as executrix; and that these orders were obtained through lack of information, mistake, inadvertence, surprise and excusable neglect on the part of the said Corrine Wall. It is objected that the matters thus set forth were but conclusions of the affiant, were hearsay, and were not facts which could have been known to the affiant. No reason appears why some of the matters alleged may not have been personally known to this affiant. ▇ In any event, while the facts necessary to enable a court to set aside a judgment in a proceeding of this nature are usually presented by affidavit, this is not always essential and the requisite facts may otherwise appear (*People* v. *O'Connell,* 23 Cal. 281; *Security Loan & Trust Co.* v. *Estudillo,* 134 Cal. 166 [66 Pac. 257]). Even in cases where a showing of merits is necessary, such showing may appear from a verified pleading (*Hagenkamp* v. *Equitable L. Assur. Soc.,* 29 Cal. App. 713 [156 Pac. 520]). ▇ In this case it appears that the court also had before

it a verified contest filed by Corrine Wall together with a petition for the probate of the purported will of January 16, 1930, and if the facts there alleged were true the will admitted to probate on September 18, 1931, was not the last will of the deceased. This contest was filed within the time permitted by the statute and the facts alleged were sufficient to justify the court in so reopening the matter as to give the contestant a hearing. The court also had before it all of the records and files in this estate, from which it appeared that the closing of the estate had been rushed through immediately after the admission of the will to probate, to the extent that the final account of the special administratrix and the final account of the executrix were filed on the same day the will was admitted to probate, that the final account as special administratrix was never set for hearing, acted upon or approved, that fourteen days after the will was admitted to probate all of the property was distributed to the executrix, and that she was discharged within thirty-six days of her appointment. In addition, the order complained of recites that it was made after both oral and documentary evidence had been received. None of this evidence appears in the record before us and it is to be presumed that it supports the order made.

██ It may be also observed that the contest of a will involved here having been filed within the time allowed by the statute, the order admitting the other will to probate was not conclusive and the decree of distribution had not become final. Even if it were necessary to set aside the order discharging the executrix in order to enable a citation to issue in strict compliance with section 381 of the Probate Code and in order to permit the contest to be heard, the general situation disclosed by the whole record is such that very little showing of merits, aside from the record, was required. No abuse of discretion appears.

For the reasons given the order under review is affirmed.

Marks, J., and Jennings, J., concurred.