[Civ. No. 21462.   Second Dist., Div. One.   May 7, 1956.]

THE PACIFIC TELEPHONE AND TELEGRAPH COM-
PANY (a Corporation), Respondent, v. C. L. FINK
et al., Appellants.

Charles A. Thomasset for Appellants.

Lawler, Felix & Hall, L. B. Conant, Robert Henigson and Jules J. Sherman for Respondent.

WHITE, P. J.—This is an appeal from an order denying defendants' motion to vacate a prior judgment entered against them.

This action was instituted on March 10, 1954, when plaintiff filed its complaint which stated several causes of action, all now merged in a final judgment rendered by the Superior Court of Los Angeles County. On June 10, 1954, defendants filed their answer to the complaint as then amended, denying generally and specifically each of the several causes of action set forth in said amended complaint and, in addition, a counterclaim, recoupment and setoff was alleged, premised upon plaintiff's refusal to publish certain of defendants' requested advertising in the forthcoming issues of plaintiff's classified directories and damages were prayed in the sum of $100,000.

On June 18, 1954, plaintiff and defendants, through their attorneys of record, entered into and filed a stipulation for continuance and entry of judgment. By the terms of the said stipulation, all of the parties agreed that, should defendants fail to obtain "the relief prayed for" in the administrative proceeding then pending before the Public Utilities Commission of the State of California, being Case Number 5545, then judgment on the said amended complaint should be entered against defendants in the amount of $6,586.25 plus interest and judgment on the said counterclaim should be entered in favor of plaintiff.

The decision of the Public Utilities Commission of the State

of California, rendered January 19, 1955, dismissed defendants' complaint, thus denying them "the relief prayed for" therein. Agreeably with said stipulation, judgment was entered in this action February 11, 1955. Notice of entry of judgment was served on defendants February 17, 1955.

On March 14, 1955, a writ of execution was issued by the court, and on March 18, 1955, the Los Angeles County marshal, pursuant to said writ levied execution on the real property of defendant Charles L. Fink. A notice of sale of real estate under execution was given by said marshal on March 21, 1955, and said notice was duly published on said date.

The aforesaid sale was noticed to take place on April 20, 1955, at the Inglewood office of the Los Angeles County marshal.

On April 19, 1955, defendants, through Attorney Charles A. Thomasset, filed a motion to vacate the said judgment on the ground that the same was taken through mistake, inadvertence, surprise or excusable neglect, and on the further ground that said judgment was taken without authority of defendants.

On April 20, 1955, defendants filed a substitution of attorneys, whereby Charles A. Thomasset was substituted as attorney of record in place and instead of Bertram H. Ross.

Thereafter, defendants served and filed an affidavit of defendant Charles L. Fink in which it was averred that the aforesaid judgment was taken and entered without his authority.

Plaintiff thereafter served and filed the affidavit of Bertram H. Ross (defendants' former attorney who signed the foregoing stipulation) wherein the attorney averred that said stipulation was entered into with knowledge, approval and consent of defendants.

At the time of the hearing, defendants moved to strike the affidavit of Bertram H. Ross on the grounds of privileged communication and moved to strike designated portions thereof on the ground that the same constituted conclusions of law. Each of said motions was denied. Defendants' motion to vacate said judgment was then argued, submitted and denied.

As a first ground for reversal of the order, appellants contend that the court erred in denying the motion to strike the affidavit of Attorney Bertram H. Ross on the ground that it violated the confidential relationship of attorney and client, and contained statements that were privileged and concerning

which the former attorney for defendants could not testify (Bus. & Prof. Code, § 6068, subd. (e); Code Civ. Proc., § 1881, subd. 2).

Appellant urges that the challenged affidavit contained confidential and privileged advice such as: ''There is no question in my mind but that the Telephone Company can collect from you . . .''; and ''To my mind, this is a most advantageous settlement and I am recommending that you give it your consideration and advise me at once whether or not you want to accept it.'' That it also contains a statement which, by implication, is based upon conferences between attorney and client, to wit: ''That in connection with the execution of said stipulation by your affiant, as attorney for the defendants in the above entitled action, said matter was fully and fairly discussed with Mr. C. L. Fink, the president of the corporate defendant and one of the individual defendants and that said stipulation was entered into with the knowledge, approval and consent of the said C. L. Fink.'' We are not in accord with appellants' contentions in this regard.

█ The authority of the attorney, like that of any agent, may be established by the attorney and his testimony in that regard is admissible to prove the agency and, in the instant case, the nature and scope of his authority to sign the stipulation in question (*Fleschler* v. *Strauss,* 15 Cal.App.2d 735, 737 [60 P.2d 193]). █ Here, the question addressed to the court was whether the stipulation was authorized. If it was, the judgment was properly entered. It was not error to allow defendants' former attorney to set forth in his affidavit the authority he had to enter into the stipulation. Defendants denied that any such authority was given. As to his authority and the purposes for which he was employed, the attorney was the principal witness. Within the meaning of the statute the employment was not a privileged communication (*Security Loan & Trust Co.* v. *Estudillo,* 134 Cal. 166, 170 [66 P. 257]; *Rose* v. *Crawford,* 37 Cal.App. 664, 667-668 [174 P. 69].)

In the case now engaging our attention the professional conduct of appellants' former attorney was attacked by them. It would be a sad commentary upon our boasted concept of fairness and the right to defend one's reputation and integrity, were it possible for the accuser to silence the accused by invoking the doctrine of privileged communication. The court committed no error in permitting the affidavit to be read.

It is next contended by appellants that the court erred in denying their motions to strike certain portions of the affidavit of Attorney Ross. The challenged statements contained in the affidavit are as follows:

1. "That some time after issue was joined by the filing of an answer in the above entitled action, a stipulation was entered into wherein and whereby it was stipulated that in the event that the defendants did not make good their claim before the Public Utilities Commission of the State of California that plaintiff may have judgment as prayed for in its amended complaint."

2. "That in connection with the execution of said stipulation by your affiant, as attorney for the defendants in the above entitled action, said matter was fully and fairly discussed with Mr. C. L. Fink, the president of the corporate defendant and one of the individual defendants and that said stipulation was entered into with the knowledge, approval and consent of the said C. L. Fink."

It is urged that the foregoing averments constituted conclusions of law rather than statements of ultimate facts.

The first above-mentioned quotation from the affidavit paraphrases the affidavit which we have herein held was properly read at the hearing on the motion to set aside the judgment.

With respect to the second designated portion, we are satisfied it does not constitute a conclusion of law, but on the contrary, comprises information within the personal knowledge and observation of the affiant, concerning which he was entitled to testify. We regard as highly technical the contention of appellants that the words "fully and fairly," and "knowledge, approval and consent," are opinions and conclusions of the affiant Attorney Ross. When read in conjunction with the entire paragraph in which they appear, we regard them as statements of ultimate facts. The same criticism could be directed at some of the language used in appellant Fink's affidavit wherein he avers that neither of the appellants "ever at any time *authorized* the taking of said judgment," (emphasis added), but when read in conjunction with the entire context of the affidavit the criticism lacks substance.

Appellants' next contention is that the court erred and abused its discretion in denying the motion to vacate and set aside the judgment taken pursuant to the stipulation for the reason that the order is against law and is not supported

by evidence of a substantial character. As stated by appellants, "The question revolves upon whether or not Bertram H. Ross, the then attorney for defendants, had authority to enter into the stipulation, pursuant to which judgment was entered." Appellant leans heavily upon a letter written by Attorney Ross to appellant Charles L. Fink, dated February 8, 1955. In their brief appellants assert, "The date is significant. The stipulation was entered into on June 18, 1954. The opinion of the Public Utilities Commission was rendered on January 18, 1955. The letter, therefore, was written twenty-one (21) days after the opinion of the Public Utilities Commission was rendered. This letter purports to confirm a conversation between Mr. Ross and the son of defendant Fink. It is impossible, it is submitted, to read that letter and arrive at the conclusion that prior to the time it was written the stipulation had been discussed with defendant Fink, as the affidavit states it had been; or that it had been entered into with 'the knowledge, approval and consent' of Fink, as the affidavit asserts. One cannot, it is submitted, read that letter and arrive at any other conclusion than that Fink was being informed for the first time of the stipulation—nearly eight (8) months after the execution of the stipulation, and twenty-one (21) days after the Public Utilities Commission had rendered its opinion. It attempts to induce him to accept it as being for his own good and asks for his consent—immediately. *'To my mind, this is a most advantageous settlement* and I am recommending that you give it your consideration and advise me at once whether or not you want to accept it.' " (Emphasis added.) Equally significant with the date of the letter is the above italicized words. A mere reading of the letter indicates that it was written to advise appellant Fink that under the stipulation, respondents, by reason of the action of the State Public Utilities Commission, would be entitled to judgment for $6,586.25 with interest at the rate of 7 per cent per annum from February 1, 1954, plus costs of suit. The letter then proceeds, "I have been discussing with the attorneys for the Telephone Company, the matter of settling all of your obligations with the Telephone Company, which approximate close to $10,000.00. There is no question in my mind but that the Telephone Company can collect from you and you may be sure that they will levy executions against your real property and do whatever is necessary to collect the amounts that are due under your advertising agreements. In order to clean this thing up, once and for all, the

Telephone Company has agreed to accept the sum of $6,500.00 in cash and give you a full and complete release from any and all claims and demands of every nature, kind and description." As we read the letter in its entirety we are impressed that its tenor strengthens the inference that appellants were aware that, as stated in the communication, "The present action was stayed by a stipulation to the effect that nothing would be done until the Public Utilities Commission had determined the problem and it was further stipulated that if the Public Utilities Commission gave you no relief, then the Telephone Company would be entitled to judgment against you. . . ."

■ It is fundamental that every presumption must be indulged in favor of the trial court's ruling and the burden is upon appellants to establish that the court abused its discretion. ■ There is a rebuttable presumption that an attorney has authority from his client to enter into a stipulation which may amount to a surrender of his client's rights, unless the adverse party as well as the court is aware that the attorney is acting in direct opposition to his client's instructions (*Gagnon Co.* v. *Nevada Desert Inn, Inc.*, 45 Cal. 2d 448, 460, 461 [289 P.2d 466]; *Church* v. *Church*, 40 Cal. App.2d 701, 705 [105 P.2d 643]). The record herein is barren of any evidence to show that respondents, their attorneys or the court, were aware of any lack of authority of appellants' attorney to enter into the stipulation for judgment. In any event, the evidence as to actual authority of appellants' former counsel to stipulate to judgment was in conflict. In reviewing the evidence on appeal under such circumstances, we are not authorized to retry the cause. All conflicts in the evidence must be resolved in favor of the respondent and all legitimate and reasonable inferences indulged in to uphold the order of the trial court if possible. The long established rule in this regard is thus stated in *Crawford* v. *Southern Pac. Co.*, 3 Cal.2d 427, 429 [45 P.2d 183]: "It is an elementary, but often overlooked principle of law, that when a verdict is attacked as being unsupported, the power of the appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the conclusion reached by the jury. When two or more inferences can be reasonably deduced from the facts, the reviewing court is without power to substitute its deductions for those of the trial court. (Citing cases.)"

■ And the rule is the same whether the conflict is in affi-

davits or oral testimony. In *Hayutin* v. *Rudnick*, 115 Cal. App.2d 138, 140 [251 P.2d 707], the court stated: "When an issue is tried on affidavits, the rule on appeal is that those affidavits favoring the contention of the prevailing party establish not only the facts stated therein but also all facts which reasonably may be inferred therefrom, and when there is a substantial conflict in the facts stated, the determination of the controverted facts by the trial court will not be disturbed."

█ Upon the authority of *Gilmore* v. *American Central Ins. Co.*, 67 Cal. 366, 367 [7 P. 781], and *Stone* v. *Bank of Commerce*, 174 U.S. 412 [19 S.Ct. 747, 43 L.Ed. 1028], it would seem to be the rule that where two actions, each pending, involve the same disputed issue raised between the same adverse parties represented, respectively, by the same attorneys in each proceeding, the attorneys of record have apparent or implied authority to enter into a stipulation that disposition of the issue in one proceeding shall be determinative in the other. As stated by respondent, "In the instant action, Appellants herein asserted a counterclaim for damages based upon the allegedly wrongful refusal of the Respondent to accept for advertising in the 'Yellow Pages' of the Classified Telephone Directory certain listings desired by Appellants. This very issue was the subject matter of the judicial administrative proceeding instituted by the Appellants herein against the Respondent before the Public Utilities Commission of the State of California.

"The parties were identically aligned and were represented, respectively, by the same counsel in both proceedings."

For the foregoing reasons, the order appealed from is affirmed.

Doran, J., and Fourt, J., concurred.